GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation
TERRANCE L. STINNETT, ESQ. CA Bar #46010
DANIEL M. LINCHEY, ESQ. CA Bar #111739
YOSHIE VALADEZ, ESQ. CA Bar #212994
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Plaintiff Andrea A. Wirum, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 04-32952-TEC |
| FLETCHER HARTWELL HYLER, aka BUD H. HYLER, | Under Chapter 11 |
| Debtor. | |
| ANDREA A. WIRUM, TRUSTEE, | A.P. No. |
| Plaintiff, | |
| vs. | |
| INVESTMENT GRADE LOANS, INC., LINCOLN TRUST COMPANY FBO DOUG PICKERING, IRA, CHERN S. LIN, FELICIA LIN, JANICE TEMPEY, ROY S. WOLF, THOMAS C. O'CONNELL, JR. JANICE K. O'GRADY, PENSCO TRUST COMPANY AS CUSTODIAN FBO JOHN A. SNYDER IRA, PENSCO TRUST COMPANY AS CUSTODIAN FBO PHIL AHLFELDT, IRA, AND JOHN STEVENS | |
| Defendants | |

**COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES**

-1-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

Plaintiff Andrea A Wirum, Trustee ("Plaintiff"), trustee of the above-referenced bankruptcy estate of Fletcher Hartwell Hyler, aka Bud H. Hyler, ("Debtor") alleges as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Court"), has subject matter jurisdiction over this adversary proceeding and the controversies stated herein pursuant to the provisions of Section 1334 of Title 28 of the United States Code. This adversary proceeding relates to the Debtor's chapter 11 case, now pending before the Court, Case Number 04-32952.

2. The venue of this adversary proceeding is properly before the Court pursuant to the provisions of 28 U.S.C. § 1409.

3. The claims stated by Plaintiff in this Complaint constitute core proceedings pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K) .

## GENERAL ALLEGATIONS

4. On October 20, 2004 the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the above-entitled Court. On July 19, 2005 the Court appointed Plaintiff as trustee of the Debtor's Chapter 11 estate. Plaintiff is the duly appointed, qualified and acting trustee of the Debtor's Chapter 11 estate.

5. Plaintiff is informed and believes, and upon such information and belief alleges, that Sheryl S. Root-Hyler is the wife of the Debtor

6. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned herein Defendant Investment Grade Loans, Inc. (hereinafter "IGL") was, and is, a corporation doing business in the State of California.

7. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned herein defendant Lincoln Trust Company was, and is, a corporation doing business in the State of California.

8. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned herein defendant Pensco Trust Company was, and is, a corporation doing business

LAW OFFICES
**GOLDBERG, STINNETT, MEYERS & DAVIS**
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

-2-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

in the State of California.

9. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned herein defendants Chern S. Lin, Felicia Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, and John Stevens were individuals doing business in the State of California.

10. On or about March 3, 2004 the Debtor and Sheryl S. Root-Hyler borrowed the sum of $1,232,500.00 (the "Loan Transaction") from the following defendants, to wit: (1) Lincoln Trust Company, Custodian FBO Doug Pickering, IRA as to an undivided 740/12325 interest, (2) Chern S. Lin and Felicia Lin, husband and wife as community property as to an undivided 3000/12325 interest, (3) Janice Tempey and Roy S. Wolf, husband and wife as community property as to an undivided 26.00/12325 interest, (4) Thomas C. O'Connell, Jr. and Janice K. O'Grady, husband and wife as community property as to an undivided 1235/12325 interest, (5) Pensco Trust Company, Custodian FBO John A Snyder IRA, as to an undivided 750/12325 interest, (6) Pensco Trust Company, Custodian FBO Phil Ahlfeldt, IRA, as to an undivided 3000/12325 interest and (7) John Stevens, an unmarried man as to an undivided 1000/12325 interest (hereinafter collectively referred to as the "Lender Defendants").

11. The Loan Transaction is evidenced by a Note Secured By A Deed Of Trust (the "Note") dated February 19, 2004, and executed on February 20, 2004, a copy of which is attached hereto as **Exhibit "A"** and incorporated herein by this reference. The Note is secured by the lien of a Deed of Trust dated February 20, 2004, a copy of which is attached hereto to **Exhibit "B"** and incorporated herein by this reference. Said Deed of Trust was recorded on March 3, 3004 in the Official Records of San Mateo County as Document No. 2004-038332. Said Deed of Trust constitutes a lien against the residential real property of the Debtor and Sheryl S. Root-Hyler commonly known as 5070 Alpine Road, Portola Valley, California 94028 (hereinafter the "Residence").

12. The Loan Transaction was arranged by Defendant IGL acting as a mortgage broker on behalf of the Lender Defendants.

13. Section 3 of the Note provides for an interest rate of 16.0%, payable interest only for a

-3-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

1 period of five (5) years, with a balloon payment due on April 1, 2009. Section 4 (A) of the Note provides for a late charge of 10% of the amount of any overdue payment, and Section 4 (B) of the Note provides that in the event of a default the applicable interest rate shall be "three (3%) in excess of the interest rate set forth in Section 3."

14. Plaintiff is informed and believes, and upon such information and belief alleges, that the major non-closing costs proceeds from the Loan Transaction were used by the Debtor and Sheryl S. Root-Hyler as follows: (1) $320,536.07 was disbursed to First Bank and Trust to cure defaults under the loan secured by the first deed of trust against the Residence, (2) $16,968.91 was disbursed to the California Franchise Tax Board, (3) $624,789.08 was disbursed to the Internal Revenue Service for payment of tax liens, (4) $85,995.53 was disbursed to the San Mateo County Tax Collector for payment of real property taxes secured by the Residence, (5) $16,433,49 was disbursed to Defendant IGL for the account of the Lender Defendants on account of interest from March 2, 2004 to April 1, 2004, (6) $86,275.00 was disbursed to Defendant IGL for a mortgage broker loan fee, (7) $3,000.00 was disbursed to Defendant IGL for document preparation, (8) $36,975.00 was disbursed to The Bowers Group for a loan fee, (9) $38,202.01 was disbursed to the Debtor and Sheryl S. Root-Hyler, and (10) $3,175.00 was disbursed to Chicago Title Company for miscellaneous closing costs, all as more fully set forth in the BUYER'S/BORROWER'S SETTLEMENT STATEMENT dated March 3, 2004 attached hereto as **Exhibit "C"** and incorporated herein by this reference.

15. Plaintiff is informed and believes, and upon such information and belief alleges, that of the sum of $624,789.089 disbursed to the Internal Revenue Service, the sum of approximately of $310,368.59 was due by the Debtor for employment taxes owed with regard to a business formerly operated by the Debtor, and for which the Debtor was personally liable, and that the balance of said sum was due to the Internal Revenue Service by the Debtor for personal income taxes owed by the Debtor.

16. Plaintiff is informed and believes, and upon such information and belief alleges, that the aforesaid Loan Transaction proceeds in the sum of $38,202.01 that were disbursed to the Debtor and Sheryl S. Root-Hyler were used by them for personal expenses.

-4-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

17. Plaintiff is informed and believes, and upon such information and belief alleges, that the Loan Transaction was obtained primarily for personal purposes.

18. On February 17, 2005 the Lender Defendants, through their counsel Michael E. Stone, Esq., filed herein their proof of claim, Claim No. 6, as a secured claim in the sum of $1,409,638.00. A copy of said Claim No. 6 is attached hereto as **Exhibit "D"** and incorporated herein by this reference.

19. On September 15, 2006 Plaintiff, through her counsel, requested an accounting from Defendant IGL of the payments made by the Debtor on account of the Note. In response to said request, counsel for Defendant IGL provided to counsel for Plaintiff an accounting, which accounting is set forth in a letter dated September 20, 2006 from Michael E. Stone, Esq. addressed to Terrance Stinnett, Esq., a copy of which letter is attached hereto as **Exhibit "E"** and incorporated herein by this reference.

## FIRST CLAIM FOR RELIEF
(Against Defendant IGL)
(For Damages for Violations of the Truth in Lending Act)

20. Plaintiff incorporates and realleges in this First Claim for Relief each and every allegation set forth in Paragraphs 1 through 19, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth herein.

21. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant IGL is an organization that originates two (2) or more mortgages referred to in 15 U.S.C. § 1602 (aa) in any 12-month period, and therefore Defendant IGL is a "creditor" as defined in 11 U.S.C. § 1602 (f) and Federal Reserve Board's Regulation Z, 12 C.F.R. § 226.2(17).

22. The Loan Transaction is subject to the provisions of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq,* and the Federal Reserve Board's Regulation Z, 12 C.F.R. Pt. 226 *et seq.* (hereinafter "Regulation Z")*,* and the Loan Transaction violates the provisions of the Truth in Lending Act, and the applicable provisions of Regulation Z, for the following reasons:

A. The Loan Transaction was made primarily for personal purposes.

B. 15 U.S.C. § 1602(aa) of the Truth in Lending Act provides as follows:

> A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if –

-5-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

Case 3:07-cv-03180-WHA   Document 1   Filed 06/15/2007   Page 6 of 11

     (**A**) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or

     (**B**) the total points and fees payable by the consumer at or before closing will exceed the greater of –

          (**i**)  8 percent of the total loan amount; or

          (**ii**)  $400.

C. Section 3 of the Note provides for an interest rate of 16.0%, payable interest only for a period of five (5) years, with a balloon payment due on April 1, 2009. Section 4 (A) of the Note provides for a late charge of 10% of the amount of any overdue payment, and Section 4 (B) of the Note provides that in the event of a default the applicable interest rate shall be "three (3%) in excess of the interest rate set forth in Section 3."

D. Plaintiff is informed and believes, and upon such information and belief alleges, that the application for the Loan Transaction was received by Defendant IGL between approximately December 15, 2003 or January 15, 2004. On December 15, 2003 the rate for 5 year Treasury securities was 3.26% and on January 15, 2004 the rate for 5 year Treasury securities was 2.97%. Thus, pursuant to the provisions of 15 U.S.C. § 1602(aa) (A) the annual percentage rate on the Loan in question could not exceed 13.36% or 12.97%, depending upon when the application for the loan was received.

E. Accordingly, the annual percentage rate on the Loan exceeds the maximum permitted by 15 U.S.C. § Section 1602(aa)(A) and Regulation Z § 226.32(a)(i).

F. The total points and fees paid by the Debtor amounted to approximately $126,250.00, which was approximately 11.0% of the total amount of the loan. Therefore, the total amount of points and fees exceed the 8% permitted by the provisions of 15 U.S.C. §1602(aa) (B) and Regulation Z § 226.32(a) (ii).

-6-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

     G. 15 U.S.C. § 1639(d) provides, in relevant part, that "[a] mortgage referred to in section 1602(aa) of this title may not provide for an interest rate applicable after default that is higher than the interest that applies before default. . . ." In the instant case, the Note provides that in the event of a default the interest rate increases by 3% over the non-default rate of 16%, *i.e.,* to 19%. Thus, the Note violates the provisions of 11 U.S.C. § 1639(d) and Regulation Z § 236.32(d).

     H. The foregoing list of violations is not intended to constitute a complete list of the violations of the Truth in Lending Act and Regulation Z, as discovery may reveal additional violations.

23. As a result of the above-described violations of the Federal Truth in Lending Act, pursuant to the provisions of 15 U.S.C. § 1640(a) defendant IGL is liable to Plaintiff in an amount equal to the sum of the following:

     (i) actual damages, inclusive of finance charges, in the sum of at least $204,124.99 sustained by the Debtor consisting of the sum of at least the following amounts: (A) interest in the sum of $16,433.40 from March 2, 2004 to April 1, 2004 paid to Defendant IGL for the account of the Lender Defendants; (B) broker's fees in the sum of $86,275.00 paid to Defendant IGL; (C) broker's fees in the sum of $36,975.00 paid to The Bowers Group; (D) document preparation fees in the sum of $3,000.00 paid to Defendant IGL; (E) title fees in the sum of $750.00 paid to Chicago Title Company; (F) notary fees in the sum of $30.00; (G) delivery fees in the sum of $25.00; (G) title insurance in the sum of $2,300.00; (H) recorder fees in the sum of $70.00; (I) interest in the sum of $8,966.60 paid on May 24, 2004 to Defendant IGL for the account of the Lender Defendants; (J) interest in the sum of $16,433.33 paid on April 21, 2005 to Defendant IGL for the account of the Lender Defendants; (K) interest in the sum of $16,433.33 paid on May 24, 2005 to Defendant IGL for the account of the Lender Defendants and (L) interest in the sum of $16,433.33 paid on September 12, 2005 to Defondant IGL for the account of the Lender Defendants;

COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

(ii) twice the amount of any finance charge in connection with the transaction, limited to the sum of $2,000.00;

(iii) the costs of suit, plus a reasonable attorney's fee as determined by the court; and

(iv) an amount equal to the sum of all finance charges and fees paid by the Debtor.

## SECOND CLAIM FOR RELIF
(Against Lender Defendants)
(For Avoidance of Lien For Violations of the Truth in Lending Act)

24. Plaintiff incorporates and realleges in this Second Claim for Relief each and every allegation set forth in Paragraphs 1 through 23, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth herein.

25. The Lender Defendants are "persons", as defined in 15 U.S.C. § 1602(d), who originated through a mortgage broker one or more mortgages referred to in subsection (aa) of 15 U.S.C. § 1602, and therefore, they are considered to be a "creditor" as provided in 15 U.S.C. § 1602(f).

26. Plaintiff has the right to rescind the Loan Transaction in accordance with the provisions of 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a) as a consequence of the Lender Defendants' violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

27. On September 22, 2006 Plaintiff exercised her right to rescind the Loan Transaction as set forth in a letter dated September 22, 2006 from Plaintiff's counsel, Terrance L. Stinnett, Esq., addressed (i) to Michael E. Stone, Esq., as counsel for the Lender Defendants and as counsel for Defendant IGL and (ii) to Defendant IGL, a copy of which letter is attached hereto as **Exhibit "F"** and incorporated herein by this reference.

28. Consequently, the Loan Transaction has been rescinded by Plaintiff.

29. As a consequence of Plaintiff rescinding the Loan Transaction, the Debtor is not liable for any finance or other charge, and any security interest in the Debtor's Residence given to the Lender Defendants by the Debtor has become void in accordance with the provisions of 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(1).

-8-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

### THIRD CLAIM FOR RELIF
(Against Lender Defendants)
(For Damages for Violations of the Truth in Lending Act)

30. Plaintiff incorporates and realleges in this Third Claim for Relief each and every allegation set forth in Paragraphs 1 through 29 inclusive, of this Complaint, as if each of those allegations were fully restated and set forth herein.

31. As a result of the above-described violations of the Federal Truth in Lending Act and Regulation Z, pursuant to the provisions of 15 U.S.C. § 1640(a) the Lender Defendants are liable to Plaintiff in an amount equal to the sum of the following:

(i) actual damages, inclusive of finance charges, in the sum of at least $204,124.99 sustained by the Debtor consisting of the sum of at least the following amounts: (A) interest in the sum of $16,433.40 from March 2, 2004 to April 1, 2004 paid to Defendant IGL for the account of the Lender Defendants; (B) broker's fees in the sum of $86,275.00 paid to Defendant IGL; (C) broker's fees in the sum of $36,975.00 paid to The Bowers Group; (D) document preparation fees in the sum of $3,000.00 paid to Defendant IGL; (E) title fees in the sum of $750.00 paid to Chicago Title Company; (F) notary fees in the sum of $30.00; (G) delivery fees in the sum of $25.00; (G) title insurance in the sum of $2,300.00; (H) recorder fees in the sum of $70.00; (I) interest in the sum of $8,966.60 paid on May 24, 2004 to Defendant IGL for the account of the Lender Defendants; (J) interest in the sum of $16,433.33 paid on April 21, 2005 to Defendant IGL for the account of the Lender Defendants; (K) interest in the sum of $16,433.33 paid on May 24, 2005 to Defendant IGL for the account of the Lender Defendants and (L) interest in the sum of $16,433.33 paid on September 12, 2005 to Defendant IGL for the account of the Lender Defendants;

(ii) twice the amount of any finance charge in connection with the transaction, limited to the sum of $2,000.00;

(iii) the costs of suit, plus a reasonable attorney's fee as determined by the court; and

LAW OFFICES
GOLDBERG, STINNETT, MEYERS & DAVIS
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

-9-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

(iv)     an amount equal to the sum of all finance charges and fees paid by the Debtor.

## FOURTH CLAIM FOR RELIF
(Against Lender Defendants)
(For disallowance of Claim No. 6 as a secured claim and reduction of claim)

32.     Plaintiff incorporates and realleges in this Fourth Claim for Relief each and every allegation set forth in Paragraphs 1 through 31, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth herein.

33.     As a consequence of the rescission of the Loan Transaction, the security interest of the Lender Defendants in the Debtor's Residence has become void.  Accordingly, Claim No. 6 filed in the above-captioned case by the Lender Defendants is not entitled to be allowed as a secured claim in this bankruptcy case.  In addition, the amount in which said Claim No. 6 is entitled to be allowed as a prepetition general unsecured claim only is limited solely to the principal amount of the Loan, to wit, $1,232,500.00.  Therefore, said Claim No. 6 is to be reduced from the sum of $1,409,638.00 to the sum of $1,232,500.00 and allowed only as a prepetition general unsecured claim as reduced.

WHEREFORE, Plaintiff prays for entry of judgment as follows:

1.     Against Defendant IGL for (i) actual damages, inclusive of finance charges, in the sum of not less $204,124.99 in accordance with 15 U.S.C. § 1640(a)(1) and (4), plus (ii) statutory damages not to exceed $2,000.00 in accordance with 15 U.S.C. § 1640(a)(2), plus (iii) costs and reasonable attorney's fees in accordance with 15 U.S.C. § 1640(a)(3) for violations of the Truth in Lending Act, as set forth in Plaintiff's First Claim For Relief.

2.     Against the Lender Defendants for avoidance of the lien of the Deed of Trust against the Debtor's Residence in accordance with 15 U.S.C. § 1535(b) as set forth in Plaintiff's Second Claim For Relief.

3.     Against the Lender Defendants for (i) actual damages, inclusive of finance charges, in the sum of not less $204,124.99 in accordance with 15 U.S.C. § 1640(a)(1) and (4), plus (ii) statutory damages not to exceed $2,000.00 in accordance with 15 U.S.C. § 1640(a)(2), plus (iii) costs and reasonable attorney's fees in accordance with 15 U.S.C. § 1640(a)(3) for violations of the Truth in Lending Act, as set forth in Plaintiff's Third Claim For Relief.

-10-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC

1    4.    Against the Lender Defendants disallowing Claim No. 6 filed by them as a secured claim in the sum of $1,409,638.00, or such other amount as the Lender Defendants may claim, and reducing said Claim No. 6 to the sum of $1,232,500.00, and that said Claim No. 6, as reduced, be allowed only as a prepetition general unsecured claim herein, as set forth in Plaintiff's Fourth Claim For Relief.

5.    For such other and further relief as the Court deems proper.

October 13, 2006

                GOLDBERG, STINNETT, MEYERS & DAVIS
                A Professional Corporation

By:    /s/ Terrance L. Stinnett
       Attorneys for Plaintiff Andrea A. Wirum, Trustee

-11-
COMPLAINT FOR DISALLOWANCE OF CLAIM, AVOIDANCE OF SECURITY INTEREST IN RESIDENCE, ACTUAL DAMAGES, STATUTORY PENALTIES, COSTS AND ATTORNEY'S FEES

10185/106898.DOC