Michael E. Stone, State Bar No. 46016
Leo B. Siegel, State Bar No. 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, California 95008
408/377-9899 Telephone
408/377-5270 Facsimile

Attorneys for Defendants
Investment Grade Loans, Inc., et al

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE:                                          )    BKCY CASE NO. 04-32952 TEC
                                                )
FLETCHER HARTWELL HYLER, aka                    )
BUD H. HYLER,                                   )    ADV. NO. 06-03164
                                                )
    Debtor.                                     )
----------------------------------------------- )    ANSWER TO COMPLAINT
ANDREA A. WIRUM, TRUSTEE                        )
                                                )
    Plaintiff,                                  )
                                                )
vs.                                             )
                                                )
INVESTMENT GRADE LOANS, INC.,                   )
LINCOLN TRUST COMPANY FBO,                      )
DOUG PICKERING, IRA, CHERN S. LIN,              )
FELICIA LIN, JANICE TEMPEY, ROY S.              )
WOLF, THOMAS C. O'CONNELL, JR.,                 )
JANICE K. O'GRADY, PENSCO TRUST                 )
COMPANY AS CUSTODIAN FBO JOHN                   )
A. SNYDER IRA, PENSCO TRUST                     )
COMPANY AS CUSTODIAN FBO PHIL                   )
AHLFELDT, IRA, AND JOHN STEVENS                 )
                                                )
    Defendants.                                 )
                                                )

        The Defendants named herein, and each of them, answer the Adversary Complaint filed

by Trustee Andrea Wirum as follows:

//

ANSWER TO COMPLAINT

1. Answering the allegations in paragraph 1, Defendants admit that this court has subject matter jurisdiction over this case.

2. Answering the allegations of paragraph 2, Defendants admit that Venue is properly before this Court.

3. Answering the allegations in paragraph 3, Defendants admit that this is a core proceeding.

4. Answering the allegations in paragraph 4, Defendants admit that the Debtor's bankruptcy was filed in October of 2004 and that the Court appointed Plaintiff trustee of the estate.

5. Answering the allegations in paragraph 5, Defendants are also informed and believe, and thereon admit, that Sheryl S. Root Hyler is the wife of Debtor.

6. Answering the allegations in paragraph 6, Defendants admit that Investment Grade Loans, Inc. is a corporation doing business in the State of California.

7. Answering the allegations in paragraph 7, Defendants admit that Lincoln Trust Company does business in the State of California.

8. Answering the allegations in paragraph 8, Defendants admit that Pensco Trust Company does business in the State of California.

9. Answering the allegations in paragraph 9, Defendants admit that Chern S. Lin, Janice Tempey, Roy S. Wolf, Thomas C. O'Connell, Jr., Janice K. O'Grady, and John Stevens did business in the State of California, in that they invested money in a note executed by Debtor in California and secured by real property located in California.

10. Answering the allegations in paragraph 10, Defendants admit that the "Lender Defendants" provided the money that was borrowed by Debtor.

11. Answering the allegations in paragraph 11, Defendants admit the allegations contained in lines 17-22 of said paragraph, and admit the common address of the property that is security; Defendants are informed and believe, however, that said property is not just the residence of Debtor but is also his business office and used for Debtor's business, and based

ANSWER TO COMPLAINT                          2

thereon deny the characterization contained in said paragraph.

12. Answering the allegations in paragraph 12, Defendants admit that the involvement of "Lender Defendants" was arranged by Investment Grade Loans acting as their mortgage broker; Defendants allege, however, that the Debtor was represented by his own mortgage broker in the transaction and that it was said broker that "arranged" the Loan Transaction.

13. Answering the allegations in paragraph 13, Defendants admit that the Note is attached as an exhibit to the Complaint and allege that said Note provides what it provides; Defendants therefore deny Plaintiff's characterization of those provisions, to whatever extent they interpret and/or contradict the same.

14. Answering the allegations in paragraph 14, Defendants admit that the Borrower's Settlement Statement is attached as Exhibit "C" and that various disbursements were made from the escrow as directed by Debtor; Defendants deny, however, any characterization made by Plaintiff of those disbursements, and further deny that how Debtor caused the loan to be disbursed has any relevance to the matters herein.

15. Answering the allegations in paragraph 15, Defendants lack sufficient information and belief to adequately answer said allegations, and based thereon deny said allegations.

16. Answering the allegations in paragraph 16, Defendants lack sufficient information and belief to adequately answer said allegations, and based thereon deny said allegations; particularly Defendants deny that they were aware, or consented to, use of any of the loan proceeds by Debtor "for personal expenses".

17. Answering the allegations in paragraph 17, Defendants deny each and every allegation therein, singularly and plurally, and specifically allege that the loan transaction was presented to them as a business loan by Debtor and that it was approved and made as such.

18. Answering the allegations in paragraph 18, Defendants admit that a Proof of Claim was filed and that Exhibit "D" is a copy thereof.

19. Answering the allegations in paragraph 19, Defendants admit that Exhibit "E" is a copy of a letter addressed to Plaintiff's counsel in response to Plaintiff's request.

ANSWER TO COMPLAINT                          3

1    20.    Answering the allegations in paragraph 20, Defendants incorporate their answers to paragraphs 1-19, as set forth above.

21.    Answering the allegations in paragraph 21, Defendants admit that Investment Grade Loans arranged two or more mortgages in a 12-month period, but deny that they are mortgages referred to in 15 U.S.C.§1602(aa) and deny Plaintiff's legal conclusion that said defendant is a "creditor" as defined in the referenced statutes and regulations.

22.    Answering the allegations in paragraph 22, Defendants deny each and every allegation contained therein, singularly and plurally, and particularly deny that the loan transaction was made primarily for personal purposes and was in any way made in violation of the referenced statutes and regulations.

23.    Answering the allegations in paragraph 23, Defendants deny each and every allegation contained therein, singularly and plurally, and particularly deny that Investment Grade Loans is liable to Plaintiff in any sum.

24.    Answering the allegations in paragraph 24, Defendants incorporate by reference their answers to paragraphs 1-23, inclusive, as set forth above.

25.    Answering the allegations in paragraph 25, Defendants deny that the "Lender Defendants" are persons covered by 11 USC§1602(f).

26.    Answering the allegations in paragraph 26, Defendants deny that Plaintiff has the right to rescind the Loan Transaction and that there were any violations of the Trust In Lending Act.

27.    Answering the allegations in paragraph 27, Defendants admit that Exhibit F was provided to their attorney, but deny the rest of the allegations contained therein, including that Plaintiff had any right to rescind that would be exercised.

28.    Answering the allegations in paragraph 28, Defendants deny that the loan transaction has been rescinded by Plaintiff.

29.    Answering the allegations in paragraph 29, Defendants deny each and every allegation contained therein, singularly and plurally, and particularly deny that the security

ANSWER TO COMPLAINT      4

interest "has become void".

30. Answering the allegations in paragraph 30, Defendants incorporate by reference their answers to paragraphs 1-29, inclusive, as set forth above.

31. Answering the allegations in paragraph 31, Defendants deny each and every allegation contained therein, singularly and plurally, and particularly deny that they are liable to Plaintiff in any amount.

32. Answering the allegations in paragraph 32, Defendants incorporate by reference their answers to paragraphs 1-31, inclusive, as set forth above.

33. Answering the allegations in paragraph 33, Defendants deny each and every allegation contained therein, singularly and plurally, and particularly deny that they are anything other than a secured creditor as set forth in their Claim.

34. As and for their first affirmative defense, Defendants allege that the Complaint herein fails to set forth facts sufficient to constitute a cause of action in favor of Plaintiff.

35. As and for their second affirmative defense, Defendants allege that the claims set forth in the Complaint are barred by the applicable Statute of Limitations.

36. As and for their third affirmative defense, Defendants allege that Plaintiff's claims are barred by the doctrine of laches.

37. As and for their fourth affirmative defense, Defendants allege that the Debtor and his mortgage broker/agent represented to Defendants, in applying for the subject loan, that it was for a business purpose; the representations were relied on by Defendants in making the loan; to the extent that any portion of the loan was intended for personal purposes, as alleged by Plaintiff, said representations were fraud on Defendants and neither Plaintiff nor the Debtor can benefit from said fraud (by the claims made herein by Plaintiff).

38. As and for their fifth affirmative defense, Defendants allege that Plaintiff's claims herein are barred by the equitable doctrines of "unclean hands", "estoppel" and/or " waiver".

//

//

ANSWER TO COMPLAINT                 5

1       Wherefore, Defendants pray that Plaintiff take nothing by way of her Complaint herein, that they recover their attorney's fees and court costs incurred (as provided in the Note), and for such other relief as the Court deems just and proper.

Dated: November 30, 2006      LAW OFFICES OF MICHAEL E. STONE

    /s/ Michael E. Stone

    MICHAEL E. STONE, Attorney for Defendants
    Investment Grade Loans, Inc., et al

ANSWER TO COMPLAINT     6