1 | **JENKINS MULLIGAN & GABRIEL L.L.P.**
Daniel J. Mulligan [SBN: 103129]
dan@jmglawoffices.com
Larry W. Gabriel [SBN: 68329]
lgabriel@jmglawoffices.com
Thomas A. Jenkins [SBN: 92213]
tom@jmglawoffices.com
660 Market Street, Third Floor
San Francisco CA 94104
Tel: (415) 982-8500
Fax: (415) 982-8515

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER, <br><br> Plaintiffs, <br><br> vs. <br><br> INVESTMENT GRADE LOANS, INC., et.al., <br><br> Defendants. | **Case No.: 07-CV-03180 WHA** <br><br> **DECLARATION OF FLETCHER HARTWELL HYLER IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

I, Fletcher Hartwell Hyler, am a plaintiff in the above-entitled action and make this affidavit, pursuant the Federal Rules of Civil Procedure, in support of plaintiffs' application for the issuance of a temporary restraining order as to defendants Investment Grade Loans, Inc., et al. ("IGL"). I have personal knowledge of the facts stated herein and could and would competently testify thereto if called to do so.

1. This is an action for rescission and damages under the Truth In Lending Act.
2. My wife and I agreed to a loan with IGL in early 2004. The loan was completed on or about February 19, 2004. The loan was secured by our home at 5070

---

AFFIDAVIT OF FLETCHER HARTWELL HYLER

1

Alpine Road, Portola Valley, California, 94028.  We resided in the house at that time and continue to do so.

     3.    Due to business losses, I was compelled to file for protection under the bankruptcy laws.   I filed a proceeding in the U.S. Bankruptcy Court, Northern District of California, on or about October 20, 2004.  The case was filed under Chapter 11 of the Bankruptcy Code and a trustee was appointed to handle the estate.

     4.    As part of the estate assets, the trustee believed that claims existed against IGL for violations of the Truth In Lending Act.  The trustee filed an action for rescission and damages in the Bankruptcy Court on or about October 13, 2006.

     5.    Early this year, the trustee decided to auction the rights to the case that had been filed against IGL.  The plan by the trustee called for an auction of the case and, after the auction, for the trustee to abandon our home as an asset of the estate.

     6.    Pursuant to this plan by the trustee, an auction was held on or about June 12, 2007 in the Bankruptcy Court.  My wife and I bid the sum of $200,000, which was the winning bid.  We paid this amount and the Bankruptcy court then entered its Order abandoning the property, which Order became effective June 22, 2007.The Bankruptcy Court transferred the matter to this Court, substituting my wife and I as plaintiffs in place of the trustee.

     7.    Prior to, and after, the auction and the transfer to this Court, I was actively engaged in an effort to refinance our home.  I have been working, and continue to work with, several brokers in this effort.  However, it proved impossible effect a refinance as long as the property was still in the bankruptcy estate.

     8.    IGL mailed a Notice of Sale on or about June 26, 2007.  I received the Notice of Sale on June 29, 2007.  The sale date has been set for July 18, 2007.

     9.    At the time I received the Notice of Sale, I had been informed by one of the brokers I was working with that the contemplated loan would close prior to July 18, 2007.  For this reason, I arranged to stipulate with IGL that it would be paid the principal balance of its loan from the refinance proceeds, with the remainder of the amount IGL was claiming put into an escrow account.  That Stipulation was filed with this Court on July 12, 2007.

10. I was informed by my loan broker that the loan documents would be ready to sign on Friday, July, July 13, 2007, with funding to occur Tuesday, July 17, 2007.

11. The loan broker did not provide the loan documents for signature on Friday, although the broker has stated that the loan has not been rejected.

12. The other brokers I am working with have told me that the other lenders can complete a refinance within the next 30 – 40 days.

13. My wife and I will suffer immediate and irreparable injury, loss or damage if a temporary restraining order is not issued in that our home will be sold. Not only is this our home, it is a unique property which would be impossible to replace. The property is 10 acres, in the middle of approximately 2,000 acres of preserve area, just ten minutes drive from Stanford University. The house is built of real stone and slate. There is complete privacy, given the size of the lot and the surroundings. There is no comparable property that I have ever seen in this area.

Declared under penalty of perjury under the laws of the United States.

Executed this 16th day of July, 2007, in Portola Valley, California.

/s/ FLETCHER H. HYLER

AFFIDAVIT OF FLETCHER HARTWELL HYLER
3