1  Michael E. Stone, State Bar No. 46016
   Leo B. Siegel, State Bar No. 116841
2  LAW OFFICE OF MICHAEL E. STONE
   3425 S. Bascom Avenue, Suite I
3  Campbell, California 95008
   408/377-9899 Telephone
4  408/377-5270 Facsimile

5  Attorney for Defendants
   Investment Grade Loans, Inc., et al

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER, | CASE NO.: 07-CV-03180 WHA |
| Plaintiffs, | DECLARATION OF MICHAEL E. STONE IN OPPOSITION TO REQUEST FOR PRELIMINARY INJUNCTION |
| vs. | |
| INVESTMENT GRADE LOANS, INC., et al. | |
| Defendants. | **Hearing Date: August 1, 2007**<br>**Time:  2:00 p.m.**<br>**Courtroom: 9**<br>**Judge: Hon. William H. Alsup** |

I, Michael E. Stone, state:

1. I am an attorney duly licensed to practice before the state and federal courts in the State of California, and I am the attorney of record for Investment Grade Loans, Inc. et al, the Defendants herein. If called as a witness, I could and would competently testify to the matters set forth herein.

2. I have been the attorney for Investment Grade Loans, Inc. for almost ten (10) years now, and I am familiar with its business and practices. I have been involved in the subject Hyler loan situation since Mr. Hyler filed his bankruptcy petition in October of 2004; and I have been the attorney of record for the Defendants in this case since its inception on October 13, 2006.

Declaration of Michael E. Stone In Opposition To Application For Preliminary Injunction

3. In the course of my representation of Defendants, various documents have been produced by both sides (in the discovery process), and various pleadings have been filed. I am attaching hereto, and making a part hereof by reference, the following documents that are true copies produced and/or filed during the course of the litigation:

Exhibit "A": an updated title report, entitled "Trustees Sale Guarantee" on the subject property;

Exhibit "B" : the February 4, 2004 correspondence from Gary Bowers, seeking the subject loan for the Hylers; including Mr. Hyler's resume and business plan re the loan;

Exhibit "C": pages 5 and 6 of the Hyler Opposition to my Relief From Stay motion in March of 2005;

Exhibit "D": the Truth-In-Lending Disclosure Statement acknowledged by the Hylers on Feb. 20, 2004;

Exhibit "E": the TILA Notice Of Right To Cancel, acknowledged by the Hylers on Feb. 20, 2004;

Exhibit "F": Mr. Hyler's notice (dated 2/27/04) that he was cancelling unless he obtained a larger loan.

4. Investment Grade Loans, Inc. is a licensed real estate mortgage brokerage that makes "asset based loans" for non-consumer purposes. I have represented it in numerous transactions over the years, and every loan was secured by real property that was not the borrower's residence, including apartment buildings, condominium developments, golf courses, office buildings, construction loans, and land development loans. I am informed and believe, and thereon state, that Mr. Hyler's loan agent, Gary Bowers, was aware of this reputation of IGL when he contacted its CEO, Andy Lewis, for a loan for Mr. Hyler "to get his business going again".

5. On the title report, Exhibit "A" hereto, on page 5 (Schedule B, "Exceptions"), it is reported at no. 3 that the 2004-2006 property taxes are defaulted and the amount to redeem was $97,12266 as of June 30, 2007; and it is reported in item no. 2 that the 2007 taxes are delinquent in

Declaration of Michael E. Stone In Opposition To Application For Preliminary Injunction

2

1  an amount of over $50,000. Then, on page 10, at exception no. 21, it reports a $4,205,700 deed of
2  trust that is senior to the IGL deed of trust, and on which a notice of default was recorded June 25,
3  2004, as instrument no. 2004-131612 in San Mateo County Records, as of the date of the report,
4  June 29, 2007, that default has not been cured and cancelled.

5        6. The Stipulation and Order referenced in Plaintiffs Memorandum In Support (paragraph
6  6) and filed herein on July 12, 2007, was entered and signed by me upon the representation by Daniel
7  Mulligan the Hylers' current attorney ( I have had to deal with four prior attorneys representing them,
8  during the course of this litigation), that the Hylers now had that necessary refinancing loan in place
9  (they have been attempting for over three years), that it would be signed Friday, July 13, 2007, and
10 funded Monday, or Tuesday, July 16 or 17, 2007; that the principal of my clients' loan would be paid
11 to them; and that only the disputed finance charges would be impounded and held pending the
12 outcome of this litigation. Instead, I was served on Tuesday, July 17, 2007 with the Order To Show
13 Cause Re Preliminary Injunction And Temporary Restraining Order.

14       7. The representation made in Plaintiffs' application that they need "30-40 days to arrange
15 a new loan" is nothing different than what they and their prior counsel have been representing to me,
16 to the bankruptcy court, and to the bankruptcy trustee, for over three years now.

17       8. As can be noted from the bankruptcy files, Judge Carlson finally reached the point where
18 he did not believe it, either, and first he appointed a Chapter 11 Trustee to sell the property, then
19 converted the case to a Chapter 7 liquidation, and finally allowed the Trustee to abandon the property
20 as an asset of the estate because it could not be sold for enough to pay off all the obligations the
21 Hylers owe against it (note the other liens reported in Exhibit "A").

22       I declare under penalty of perjury under the laws of the Unites States of America that the
23 foregoing is true and correct to the best of my knowledge and belief, and that this declaration was
24 executed at Campbell, Calif. on July 24, 2007.

25                                   /s/ Michael E. Stone

26                                   Michael E. Stone

27