North American Title Insurance Company

Guarantee No.: H-180278                                    Order No.: 58701-958007s2-PRE

CLTA Guarantee

# TRUSTEE'S SALE GUARANTEE

29. An Abstract of Judgment in the amount shown below and any other amounts due.

Entered: December 11, 2003
Amount: $37,548.48
Debtor: NC Two, L.P.
Creditor: Logical Marketing Inc. and Fletcher Hyler
County: San Mateo
Court: Superior
Case No.: CIV 436484
Recorded: July 19, 2004
Instrument No.: 2004-147788

30. An Abstract of Judgment in the amount shown below and any other amounts due.

Entered: May 4, 2004
Amount: $88,687.00
Debtor: Fletcher H. Hyler and Logical Marketing, Inc., jointly and severally
Creditor: Russo & Hale LLP
County: Santa Clara
Court: Superior
Case No.: CV 811499
Recorded: May 4, 2004
Instrument No.: 2004-088153

31. Any bankruptcy proceedings that are not disclosed by the acts that would afford notice as to said land, pursuant to Title 11, U.S.C.A. 549 (C) of the Bankruptcy Reform Act of 1978, as amended.

CLTA Guarantee

# T R U S T E E ' S   S A L E   G U A R A N T E E

## INFORMATION FOR TRUSTEE

Relative to the deed of trust shown as Item 27 of this guarantee:

1.  Trustee must observe the requirements of Section 2924b of the Civil Code as to the notice to be sent to the Trustors. If addresses of the Trustors are not shown in said trust deed this code section states the procedure to be followed as to notice in such cases.
    Names of trustors and addresses (if any) shown in said deed of trust:

    Fletcher H. Hyler
    5070 Alpine Road
    Portola Valley, CA 94028

    Sherry S. Root-Hyler
    5070 Alpine Road
    Portola Valley, CA 94028

2.  The names and addresses of persons who have recorded requests, as provided by Section 2924b (a) and (d) of the Civil Code, for a copy of Notice of Default and for a copy of Notice of Sale are:

    NONE

3.  The names and addresses of additional persons who, as provided by Section 2924b(c) (1) and (2) of the Civil Code, are entitled to receive a copy of Notice of Default and a copy of Notice of Sale are:

    NONE

4.  The names and addresses of State Taxing Agencies which, as provided by Section 2924b(c) (3) of the Civil Code, are entitled to receive a copy of Notice of Sale are:

    NONE

5.  The name and address of the Secretary of the Treasury or his delegate, to receive a copy of the Notice of Sale, pursuant to 26 U.S.C. Section 7425, is:

    NONE

North American Title Insurance Company

Guarantee No.: H-1802276                                          Order No.: 58701-6580073z-PRE

North American Title Insurance Company

CLTA Guarantee

**T R U S T E E ' S   S A L E   G U A R A N T E E**

6.  **The names and addresses of persons disclosed by the records examined, other than those to whom notice is required by Section 2924b of the Civil Code to be directed, who might be interested in receiving a copy of Notice of Default and a copy of Notice of Sale are:**

Russo & Hale LLP
C/O William C. Milks III
401 Florence St.
Palo Alto, CA 94301

NC Two, L.P.
C/O David A. Schechet, Esq.
1800 Avenue of the Stars, Suite #320
Los Angeles, CA 90067

7.  City in which said land is located:        Portola Valley

If not in a city, judicial district in which said land is located:

8.  **Legal Publication(s):**

Portola Reporter
Published Wednesday
Deadline Thursday Prior by 4:00 PM

Palo Alto Weekly
Attn: Legal Desk
703 High Street
Palo Alto, CA 94301
(415) 326-8216
Published Wednesday
Deadline Wednesday prior by 12:00 PM

Guarantee No.: H-180278

Order No.: 58701-85900782-PRE

North American Title Insurance Company

CLTA Guarantee

# T R U S T E E ' S   S A L E   G U A R A N T E E

Attention is called to Soldiers' and Sailors' Civil Relief Act of 1940 and amendments thereto, and the Military Reservist Relief Act of 1991 (Sec. 800 to 810, Military and Veterans Code) which contain inhibitions against the sale of land under a deed of trust if the owner is entitled to the benefits of said Act.

Attention is called to the Federal Tax Lien Act of 1966 (Public Law 89-719) which, among other things, provides for the giving of written notice of sale in a specified manner to the Secretary of Treasury or his or her delegate as a requirement for the discharge or divestment of a Federal Tax Lien in a non-judicial sale and establishes with respect to such lien a right in the United States to redeem the property within a period of 120 days from the date of such sale:

NONE

Order No.: 56701-9590075-PRE    Guarantee No.: H-180278

North American Title Insurance Company

TRUSTEE'S SALE GUARANTEE

CLTA Guarantee

**MICHAEL E. STONE, Attorney at Law**
3425 South Bascom Avenue, Suite I
Campbell, CA 95008
PH: (408) 377-9899 FX: (408) 377-5270

# FAX COVER SHEET

TO:       Tasha Bean

DATE:     7/24/07

FAX NO:   650-949-4790

FROM:     Tracy Duarte

RE:       Hyler

PAGES:    page 21-33

PLEASE SCAN AND EMAIL ASAP. GRACIAS

*CONFIDENTIALITY NOTE*

The documents accompanying this telecopy transmission from a law office contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, please notify us by telephone immediately at the number shown above for the sender.

# EXHIBIT "B"

# THE BOWERS GROUP

DEBT/EQUITY FINANCING * SALES * LEASING * INVESTMENTS

Phone (925) 837-1314
Fax (925) 855-1212
E-mail gary@thebowersgroup.net

939 Hartz Way, Suite 104
Danville, California 94526

TO: ANDY LEWIS
FROM: GARY BOWERS
DATE: FEB. 4, 2004
RE: $1,000,000 - 2ND
5070 ALPINE ROAD
PORTOLA VALLEY, CA. 94028

HI ANDY - LONG TIME NO SEE!
HERE'S A DEAL I'D LIKE YOU TO REVIEW - PROPERTY WORTH $9MM
- HE'S 3 WEEKS INTO 1ST N.O.D.
OWES $4.2MM PLUS DELINQ.
APPROX. $280,000
- HAS 2 I.R.S. LIENS THAT TOTAL APPROX. $500,000 THAT HE'S FIGHTING
- NEEDS A BRIDGE TO GIVE HIM TIME TO GET HIS BUS. GOING AGAIN.

CALL ME!

Gary

**LOGICAL MARKETING**

**F.H. "Bud" Hyler**
Founder/CEO: Logical Marketing, Inc.

Bud Hyler founded Logical Marketing in 1990 after holding senior sales and marketing positions in a wide range of high-tech companies. He began his career in 1972 when he joined IBM as a sales representative. In 1976 he accepted the position of marketing director at Digital Equipment Corporation's Commercial Group where he later became Marketing Manager.

In 1984 Mr. Hyler moved on to ATT's PBX, Large Business Group where he served as marketing manager. Two years later he joined Trimble Navigation as the Vice President of Marketing.

In 1990, after many years of developing his marketing methodology, Mr. Hyler founded Logical Marketing, Inc. His objective was to provide clients with innovative marketing concepts and processes which move beyond conventional product advocacy to a customer-centered marketing approach that can influence the customer's entire purchasing journey. To date, clients have included Lucent, Microsoft, Netscape, Hewlett Packard, Sun Microsystems, Andersen Consulting, Compaq, and IBM, as well as major firms outside of the high-tech arena such as Chase Manhattan Bank.

Mr. Hyler received his B.S. in Physics from North Carolina State University. He received his MBA from Stanford University's Graduate School of Business in 1972. He has been a guest lecturer at both Harvard and Stanford business schools.

An article by Mr. Hyler and Alfred M. Berrocchi was published in *Financial Executive* and Mr. Hyler has been cited as a reference in several volumes on marketing including "Getting Partnering Right" by Neil Rackham, Lawrence Friedman and Richard Ruff; "Marketing from Emerging Companies" by Robert T. Davis and F. Gordon Smith; and "Concurrent Marketing" by F. V. Cepedes.

07/24/2007  13:51    4083775278                                    PAGE 05

19-Mar-2007 02:20 PM Investment Grade Loans 6509491334

Jc-29-03 12:19P Bud Hyler                650 233 7960                P.01

4/7

PAGE 05                                                              P.01

Mon, Dec 29, 2003   11:57 AM

**From: Bud Hyler <budh@logmkt.com>**
**To: <gary@thebowersgroup.net>**
**Date: Monday, December 29, 2003 11:57 AM**
**Subject: our discussion**

My need for funds was caused by a 2 year recession in the technology sector followed by Sun canceling all contracts in September. This put me behind by 5 months [January] which totals to approximately $200K while it takes awhile to rebuild by replacing Sun. January looks good with 8 projects expected to start. I have been in business for 15 years, which indicates some staying power. So my actual debt need is for $250K.

The complicating factor is a dispute with the IRS which is currently in court to be determined. The liens total to $34K. While I believe that I will prevail in the courts these liens essentially "occupy", a second position on the property, which means that in order to secure the $350K needed, the lender would need to agree to be in third position or the loan will need to remove the items before they are resolved by the courts in Q1/Q2, which means that a second would need to be for $784K, even if only for 3 to 5 months!

Loan repayment and exit strategy:

1 - I have bank statements showing 'normal' monthly income [invoices/deposits from Sun and Microsoft] at 90K and 80K for 2003 until Sun canceled all contracts.

2 - The mortgage rate is currently at 10% and is supposed to drop to 7% as soon as I become current, which is a reduction of almost 10% a month.

3 - I anticipate being able to license some of my patented intellectual property which is valued at between $500K and 1,000K per licensee. [HP paid $200K for a 3 month temporary evaluation license.]

4 - I expect the IRS court case will be resolved in my favor by Q3 2004, eliminating the liability and recovering the 500K that was paid.

5 - If all of my expectations fail then I will sell the house in the fall of 2004 freeing up the current $ million in equity.

Bud Hyler
W - 650-233-7940
H - 650-851-4111

EXHIBIT "C"

Law Offices of
SIMPSON & GISCOMBE
100 Pine St., STE 750
SF, CA 94111
(415) 391-4900

1   Although unnecessary to do so due to movant's failure of proof under §362(g), debtor

2   vigorously asserts that the residence is necessary to debtor's plan. Depending upon whether

3   debtor is able to consummate a commitment within a short period that will generate substantial

4   revenue for him to propose a plan for payment to creditors through either re-financing the

5   residence, or through keeping scheduled installment payments current and paying accruals and

6   other obligations on a deferred basis, the residence is essential to such reorganization.

7   First, the equity in the residence provides the means to secure re-financing and pay

8   approved secured claims.  The prospects of re-financing are substantial, given the equity and

9   Hyler's present prospects to rejuvenate his business income.

10   Second, the residence is important in entertaining noteworthy clients since it has superior

11   facilities for such and, imputes "status" to Hyler in attracting and developing business

12   relationships.

13   Furthermore, if the basis for the income stream is not established, and Hyler must sell, the

14   residence provides the basis for a plan whereby the property can be sold. Adequate time,

15   probably at least six months, needs to be set per a liquidation plan for selling property of such

16   high quality and value.

17   VII.

18   Alternatively, as stated, movant seeks "adequate protection." If the automatic stay is

19   continued requesting reinstatement by paying all past arrearages and immediately commencing

20   payment of current installments. Hyler , commencing March 31, 2005, will make the current

21   scheduled monthly payments per the MRR (or assignor) note of $36,908.03.  At present, he

22   cannot pay the arrearages.

23   Hyler, by separate motion has requested (hearing set for March 18, 2005), a 60 day

24   extension of the 120/180 day periods under 11 U.S.C. 1121(d) in order to file a plan. Within the

25   next 60 days, or probably less, from February 17, 2005, Hyler intends to file a disclosure,

statement and plan for either deferred payments, refinancing and payments or liquidation.

## VIII. CONCLUSION

This case has only been pending about four months. There is more than sufficient equity in the residence for the Court to allow for a reasonable period for debtor to propose his plan.

The Relief From Stay Motion must be denied on the facts.

Date: _____

SIMPSON & GIGOUNAS

By: _____
Edward B. Simpson
Attorney for Debtor

Law Offices of
SIMPSON & GIGOUNAS
100 PINE ST, STE 750
SF, CA 94110
(415) 391-4500

EXHIBIT "D"

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

Creditor(s): et al.
C/O INVESTMENT GRADE LOANS, INC.

Date: February 19, 2004    Loan #: 0402022

Fletcher H. Hyler and Sheryl S. Root-Hyler
5070 Alpine Road, Portola Valley, CA 94028

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL of PAYMENTS The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 18.200 % | $1,130,844.23 e | $1,108,080.90 e | $2,224,931.12 e |

You have the right to receive at this time an itemization of the Amount Financed.
□ I want an itemization.   □ I do not want an itemization.

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due : |
|---|---|---|
| 60 | 16,433.33 | Monthly Beginning: April 1, 2004 |
| 1 | 1,248,933.33 | April 1, 2009 |

**INSURANCE**

Credit Life insurance, credit disability insurance and fire insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | | I want credit life insurance. |
| | | Signature |
| Credit Disability | | I want credit disability insurance. |
| | | Signature |
| Credit Life Disability | | I want credit life and disability insurance. |
| | | Signature |

You may obtain property insurance from anyone you want that is acceptable to INVESTMENT GRADE LOANS, INC. If you get the insurance from INVESTMENT GRADE LOANS, INC., you will pay $ ____ judgmentally more than if you obtain it on your own.

Security: You are giving a security interest in your property located at:
This property is __XX__ — my principal dwelling.
5070 Alpine Road, Portola Valley, CA 94028

ASSUMPTION: Someone buying your property may not be allowed to assume the remainder of the mortgage on the original terms.

FILING FEES $0.00
LATE CHARGE: If a payment is late, you will be charged $ 1,643.33/10.000 % of the payment.
PREPAYMENT: If you pay off early, you
— may __XX__ will not have to pay a penalty.
— may __XX__ will not be entitled to a refund of part of the finance charge.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. If this loan has a required savings account, the APR stated above does not reflect the effect of that account.

I have received a copy of this statement:

Fletcher H. Hyler - Borrower     Date:

Sheryl S. Root-Hyler - Co-Borrower     Date: 3/6/04

All numerical disclosures except the late payment are estimates.
"e" means an estimate.

K_REG.2.DOC

# EXHIBIT "E"

# NOTICE TO CUSTOMERS REQUIRED BY FEDERAL LAW
## NOTICE OF RIGHT TO CANCEL — General

Loan No.: 6402022                                                                 Creditor:

## 1.  YOUR RIGHT TO CANCEL.

You are entering into a transaction that will result in a lien on your home.  You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1)   the date of the transaction, which is February 25, 2004; or
(2)   the date you received your Truth in Lending disclosures; or
(3)   the date you received this notice of your right to cancel.

If you cancel the transaction, the lien is also canceled.  Within 20 calendar days after we receive your notice, we must take any steps necessary to reflect the fact that the lien on your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property.  If it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home or at the location of the property.  Money must be returned to the address below.  If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

## 2.  HOW TO CANCEL.

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

INVESTMENT GRADE LOANS, INC.
289 S. SAN ANTONIO ROAD #202
LOS ALTOS, CA 94022

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of (or midnight of the third business day following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL.

_____       _____
(Consumer's Signature)                                   (Date)

_____

I/we hereby acknowledge the receipt of two copies of this notice each.

_____        _____
Fletcher H. Hyler - Borrower                                   Date
_Fletcher H. Hyler_                                            2/25/04

_____        _____
Sherry S. Root-Hyler - Borrower                              Date
_Sherry S. Root-Hyler_                                        2/25/04

H.3DAY.DOC

EXHIBIT "F"



**YAHOO! MAIL**
DSL

SBC Yahoo! | My Yahoo! | Help

Print - Cl..
Wind.

**Date:** Fri, 27 Feb 2004 12:22:19 -0800
**Subject:** cancelling the cancelation - cancellation of the financing transaction - loan # 0402022
**From:** "Bud Hyler" <budh@logmkt.com>
**To:** LaFountains@ctt.com
CC: igll@sbcglobal.net, gary@thebowersgroup.net

Please tell me what I need to do to void the cancellation. Andy will be contacting you to make a few changes to the escrow instructions.

Bud

----------

From: Bud Hyler <budh@logmkt.com>
Date: Fri, 27 Feb 2004 11:18:13 -0800
To: <tgll@sbcglobal.net>, <LaFountains@CTT.com>
CC: <gary@thebowersgroup.net>
Subject: cancellation of the financing transaction - loan # 0402022

This is notice that I am cancelling the loan transaction # 0402022.

While I had really hoped this would not be the case, the financials that resulted made it impossible to complete.

There were a couple of errors a misunderstandings that occurred in the course of this financing:

The error - Discrepancy between initial title report and actual:  I used the numbers shown on the preliminary title report since I did not know how to get actual numbers, and the actual amount for the IRS liens was $625K instead of the estimated $500K, and there was an additional property tax amount that came due. This increased the amount by 150K.

Misunderstandings: We discussed 60% of market value as the amount that could be financed. Unknown to me the appraisal was instructed to be a "lenders appraisal", which is based on the expected sale price for a "quick sale". As you know this house is not a viable "quick sale" house. The value it would receive in a normal sale is between 9 and 9.5. 60% of market value of 9.25 would then warrant a $1,400K financing, which would be enough to cover the error of the increased costs.

I apologize for the error in costs, but I used the best information I had.

If you are able to either increase the amount to 1.4 or accept the existence of the dormant IRS liens then I would really like to proceed with the financing.