1  Michael E. Stone, State Bar No. 46016
   Leo B. Siegel, State Bar No. 116841
2  LAW OFFICE OF MICHAEL E. STONE
   3425 S. Bascom Avenue, Suite I
3  Campbell, California 95008
   408/377-9899 Telephone
4  408/377-5270 Facsimile

5  Attorney for Defendants
   Investment Grade Loans, Inc., et al.
6

7

8                    UNITED STATES DISTRICT COURT

9
                     NORTHERN DISTRICT OF CALIFORNIA
10

11

12 FLETCHER HARTWELL HYLER and
   SHERYL ROOT HYLER,                    CASE NO.: 07-CV-03180 WHA
13
            Plaintiffs,                  DECLARATION OF ANDREW A. LEWIS
14                                       IN OPPOSITION TO MOTION TO
      vs.                                SET ASIDE JUDGMENT AND
15                                       SETTLEMENT AGREEMENT
   INVESTMENT GRADE LOANS, INC.,
16 et al.
            Defendants.
17                                       Hearing Date: August 28, 2008
                                         Time:  8:00 a.m.
18                                       Courtroom: 9
                                         Judge: Hon. William H. Alsup
19 _____/

20
        I, Andrew A. Lewis, hereby declare as follows:
21
        1.    I am over the age of eighteen, the principal officer of Investment Grade Loans, Inc.
22
   (a named defendant in this action), and have personal knowledge of the matters stated herein. If
23
   called as a witness in this case, I could and would competently testify to the facts set forth in this
24
   declaration.
25
        2.    The sole basis for the Plaintiffs' motion to set aside their settlement agreement with
26
   Investment Grade Loans (hereinafter "IGL") and their dismissal of this case based on that
27
   settlement, appears to be their assumption that because I entered a settlement with the California
28

Department of Real Estate (Exhibit "I" to Plaintiffs' motion), that I did not really "believe that IGL had made the subject loan for business purposes". And that is just not true.

3. As I had always asserted in both this case ( a Truth In Lending Act, or "TILA", case) and the Dept. of Real Estate Accusation, the loan to the Hylers was presented to me as a business purpose loan, not a "personal purposes loan". Consequently, I never believed that it was covered by the TILA requirements, but rather that it met one of the exceptions from said requirements.

4. However, in the Dept. of Real Estate administrative hearing, the investigating officer told me that after looking into the facts, it was his opinion that the subject loan ( a $100,000 junior deed of trust loan; not the $1,232,500 loan the Hylers sought to rescind in this case at hand) was not a case of predatory lending but, rather, one of predatory borrowing. And because of that, he offered me a settlement whereby there would be no monetary fine and no actual suspension of license; he would recommend to the Commissioner, he said, that I be given only a 2-month suspension which would be stayed for 2 years, and if there were no other disciplinary actions within that 2 years, then the suspension would be permanently stayed.

5. To accept the D.R.E.'s proposal, I had to stipulate to withdraw my "Notice Of Defense" in that proceeding and agree that the DRE did not have to provide evidence of the factual allegations in the Accusation. However, it was specifically agreed that the "admissions" were "solely for the purpose of settlement of the pending Accusation without hearing" and not to be used in "any further administrative or civil proceedings".

6. Confident that there would be no further disciplinary proceedings against me or I.G.L., rather than undergo the expense and risks of further litigation with the D.R.E., and for no other reason, I agreed to and accepted the deal. My believe or disbelief that the Hylers' $100,000 loan was a consumer credit transaction or business purpose loan had absolutely nothing to do with my decision.

7. I signed the Stipulation And Agreement prepared by the D.R.E. on July 6, 2007. The D.R.E's attorney signed it on July 11, 2007. By its terms, the withdrawal of my defense and the admissions made for limited settlement purposes were expressly made subject to the D.R.E.

1 Commissioner's approval, which was given on July 26, 2007, and not effective until August 23, 2007 (in other words, after the foreclosure of the Hylers' property and after their Compromise and Settlement Agreement of August 21, 2007).

8. I cannot reiterate enough that at no time did I hold the belief or understanding that the Hyler loan was anything other than an exempt business purpose loan. The Stipulation And Agreement with the D.R.E. was nothing more than a plea bargain type of agreement not to contest the D.R.E. Accusation. It was not intended to be used for any other purpose or proceeding, and particularly not as an admission in any civil proceeding.

9. Moreover, well after this case was dismissed pursuant to the Compromise And Settlement Agreement, and apparently even after the Hylers learned of the D.R.E. Stipulation And Agreement, in yet another effort to buy more time for themselves (following an Unlawful Detainer Judgment and Writ of Execution), the Hylers entered another written agreement with me (on behalf of IGL) on Jan 28, 2008. That agreement was prepared by the Hylers' then attorney, Al Abrahams, and reaffirmed the Hylers' option under the Compromise and Settlement Agreement they are now asking this court to set aside. A true copy is attached hereto as Exhibit "A" and made a part hereof by reference. As the Court will note, the Hylers' confirmed IGL's title to the property and IGL's judgment for possession, and IGL gave the Hylers the option to reacquire title by paying the balance due under the former Agreement, to wit: $1.9 million (which, obviously, they never paid).

10. I would also like to point out that Mr. Hyler has been telling me for the last four years the same thing that he is telling this Court now, told it a year ago, and told the Bankruptcy Court for three years: that his "income situation has been improving" and that he has "been attempting to obtain the financing necessary" to pay off the loans he borrowed against the property (quoted from the Hyler Declaration). And it has never happened. The main reason this Court allowed IGL to go forward with its foreclosure last August was that the Hylers could not come up with even the principal amount of the loan that they acknowledged was owed. And that has not changed.

I swear and affirm that the foregoing is true and correct under penalty of perjury pursuant

3

to the laws of the State of California, and that this Declaration was executed at Los Altos, California on July 30, 2008.

ANDREW A. LEWIS

4