1 Michael E. Stone, State Bar No. 46016
Leo B. Siegel, State Bar No. 116841
2 LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
3 Campbell, California 95008
408/377-9899 Telephone
4 408/377-5270 Facsimile

5 Attorney for Defendants
Investment Grade Loans, Inc., et al.
6

7                    UNITED STATES DISTRICT COURT

8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10 FLETCHER HARTWELL HYLER and
SHERYL ROOT HYLER,                        CASE NO.: 07-CV-03180 WHA
11
                Plaintiffs,                EX-PARTE APPLICATION BY
12                                         DEFENDANTS INVESTMENT
        vs.                                GRADE LOANS, ET AL
13                                         FOR AN ORDER SHORTENING
INVESTMENT GRADE LOANS, INC.,              TIME FOR HEARING ON THEIR
14 et al.                                  MOTION TO EXPUNGE LIS
                Defendants.                PENDENS
15

16

17 _____/

18      Defendants Investment Grade Loans, Inc. et al hereby move this Court pursuant to Local

19 Rule 6-3, for an order shortening their time to serve their Motion To Expunge Lis Pendens in

20 order that it may be heard and considered at the same time as Plaintiffs Motion To Set Aside

21 Judgment And Settlement Agreement, to wit: August 28, 2008 at 8:00 AM in Dept. 9 of this

22 Court, Hon. William H. Alsup.

23      This application for a shortening time order is being made as a precautionary measure, as

24 there is a question as to how much notice time is required for Defendants' Motion To Expunge.

25 Under Federal Rules Of Civil Procedure Rule 7-2 (a), a moving party is required to give 35 days

26 prior notice unless the court specifically authorizes less. But under 11 U.S.C. §1964, procedures

27 governing lis pendens are covered by state statute. In fact, California Code of Civil Procedure

28 §405.5 (part of the statute governing lis pendens) specifically provides that the state statute

1  applies to actions in the federal court "in the same manner that it applies to an action pending in
2  the court's of this state." And then CCP §405.30 provides for the filing of a motion to expunge
3  "at any time after notice of pendency of action has been recorded", and CCP §1005 (a)(11)
4  specifically requires service of a motion to expunge lis pendens "at least 16 court days before the
5  hearing". So, if the California statutes on lis pendens and motions to expunge applies to the case
6  at hand, Defendants do not need an order shortening time. They have served the Motion
7  electronically, per Federal Rule 5-5(a)(1) by email to Plaintiffs (to "budh@logmkt.com", the
8  email address provided to this Court and Defendants' counsel by the Plaintiffs in their motion
9  papers) on July 24, 2008, which is more than 16 court days before the August 28, 2008 hearing.
10 But, if the Court finds that Federal Rule 7-2 is applicable, then Defendants seek a Court Order
11 Shortening Time for Service on their Motion To Expunge to 28 days, in the interest of judicial
12 economy and equity.
13       The issues to be considered by the Court on two of the three grounds for the Motion To
14 Expunge are identical to the issues to be considered on Plaintiffs' Motion To Set Aside Judgment
15 And Settlement Agreement. And the Plaintiffs' Motion is already noticed and on calendar to be
16 heard August 28, 2008 at 8:00 A.M. before Judge William H. Alsup in Department 9.
17       For the foregoing reasons, and pursuant to Local Rule 6-3, the IGL Defendants
18 respectfully request that this Court grant their Application for an Order Shortening Time so that
19 the Motion To Expunge Lis Pendens can be heard on August 28, 2008, at 8:00 A.M., the same
20 time as the Plaintiffs' Motion To Set Aside Judgment And Settlement Agreement is scheduled to
21 be heard.
22 Dated: July 30, 2008

Respectfully submitted,

LAW OFFICE OF MICHAEL E. STONE

_____

MICHAEL E. STONE, Attorney for IGL
Defendants

2