1  Michael E. Stone, State Bar No. 46016
   Leo B. Siegel, State Bar No. 116841
2  LAW OFFICE OF MICHAEL E. STONE
   3425 S. Bascom Avenue, Suite I
3  Campbell, California 95008
   408/377-9899 Telephone
4  408/377-5270 Facsimile

5  Attorney for Defendants
   Investment Grade Loans, Inc., et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER, | CASE NO.: 07-CV-03180 WHA |
| Plaintiffs, | **DECLARATION OF MICHAEL E. STONE IN SUPPORT** |
| vs. | **OF MOTION TO EXPUNGE LIS PENDENS AND** |
| INVESTMENT GRADE LOANS, INC., et al. | **AWARD OF ATTORNEY'S FEES AND COSTS** |
| Defendants. | Hearing Date: August 28, 2008 Time: 8:00 a.m. Courtroom: 9 Judge: Hon. William H. Alsup |

I, Michael E. Stone, state:

1.  I am an attorney duly licensed to practice before the state and federal courts in the State of California, with my principal office in Santa Clara County. I am the attorney for defendants herein, as I was the attorney of record for the same clients in not just this case when it was dismissed, but also the Unlawful Detainer action filed in San Mateo Superior Court (Case No. CLJ 195919) and a State Court action filed by Plaintiffs herein whereby they sued Defendants on a breach of contract action, the contract being the Settlement Agreement at issue in this case.

2. I have personal knowledge of the matters set forth herein, except those stated on information and belief, which I believe to be true. And if called as a witness, I could and would competently testify to the matters set forth.

3. On August 16, 2007, after the Hylers failed to post either cash or a bond that was a condition precedent to this Court issuing a restraining order, I caused the foreclosure sale by IGL of the Hyler property to proceed. A Trustee's Deed was then executed and delivered to the defendants, the beneficiaries named in the deed of trust that was foreclosed.

4. Shortly thereafter, but before the Trustee's Deed was recorded, Daniel J. Mulligan, the attorney of record for the Hylers at that time, entered into negotiations to resolve both the federal lawsuit and reacquisition of title to the subject property, 5070 Alpine Road, Portola Valley, California. Those negotiations resulted in a written settlement reached on August 21, 2007, although not signed by Mr. Hyler until Sept. 4, 2007 (apparently to delay the "effective date").

5. A copy of the settlement agreement prepared by Mr. Mulligan is attached to the Declaration of Fletcher Hyler In Support Of Motion To Set Aside Judgment, as Exhibit "F". As provided in the agreement, the parties dismissed the federal suit *with prejudice*, mutually released each other from all claims (known and unknown, present and future), and agreed that if the Hylers paid $100,000 upon execution and another $100,000 within 40 days, then they had an option to reacquire title by paying the remaining $1.9 million within 60 days.

6. The Hylers did pay the initial $100,000 on or about Sept. 4, 2007, but they did not pay the second $100,000 that was specifically made a condition precedent to exercising the option to repurchase. They eventually did make two more $100,000 payments, as conditions precedent to extensions of time under a Writ of Execution issued in the Unlawful Detainer action; but they eventually defaulted on even the extensions granted therein and were physically removed from the property by the San Mateo County Sheriff's Department on Feb. 13, 2008, upon my instructions. One of the extensions was memorialized in writing and signed by the parties on January 28, 2008, and a true copy is attached hereto as Exhibit "A" (written by attorney Al Abrahams, the Hylers' new attorney at that time).

2

7. Not once, or even twice, but three times I continued the actual removal date, per agreement with Al Abrahams, the Hylers' attorney, and upon receipt of payments wired into my trust account. The last extension, however, expired Feb. 12, 2007, and the Hylers were physically removed on Feb. 13, 2007.

8. Throughout the entire process, my clients and I were hoping that the Hylers could raise the money necessary to repurchase the property. My clients wanted their money, not the property. And we gave extension after extension to facilitate that payment. But the fact is, the Hylers simply have never been able to raise enough money to pay off my clients as well as the first mortgage on the property. In fact, to protect their investment and stop the foreclosure of the senior lienholder, my clients had to pay Alaska Seaboard Partners to cure the Hylers' default. And once my clients were required to do that, they were no longer willing to grant any more extensions of time to the Hylers. In Exhibit "A" hereto, the senior encumbrance is acknowledged by the Hylers to be owed $5.5 million.

9. In addition, since taking title my clients have had to cure the delinquent property taxes and pay the insurance premiums on the property.

10. It is my understanding that even if the Plaintiffs could reopen their TILA case and then somehow prevailed on the TILA claims, they would still need to tender payment of approximately Seven Million Dollars to the Defendants.

11. Since obtaining possession of the subject property, my clients have had it listed on the multiple listing service with a broker, and have been unable to sell it for anything to close to what they are owed.

12. On July 24, 2008, my office was served with Plaintiffs' Motion To Set Aside Judgment And Settlement Agreement, as well as an unendorsed copy of a lis pendens (Notice Of Pendency Of Action).

13. On said date, I checked with both the Court's file and the San Mateo County Recorder's Office. In the Court's file, I found an endorsed-filed copy of the lis pendens filed July 23, 2008, a true copy of which is attached hereto as Exhibit "B". The Recorder's Office

3

confirmed that the lis pendens was recorded on July 23, 2008 as Instrument No. 2008-084990, but was unable to provide me with a copy by today's date. As the Court will note, the lis pendens is signed by My. Hyler in pro per, and there is no proof of service attached to the lis pendens nor any signature of a judge approving its recording.

14. I checked with my clients and confirmed that none of them received a copy of the lis pendens prior to its recording, not by certified or registered mail, and not by any other service to them.

15. I have been practicing law for 39 years, with emphasis on real estate litigation. My billing rate is $350 per hour. And I have 7 hours into preparation of this motion to expunge. I anticipate another 3 hours in responding to any opposition filed and making an appearance at the hearing. Consequently, my clients' attorney's fees, which we are seeking to recover, are $3,500.

I declare and affirm under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 30, 2008 at Campbell, California.

_____
MICHAEL E. STONE

# EXHIBIT "A"

28-Jan-2008 12:28 PM   4083775270   1/2
01/28/2008 12:26   4083775270                                                    PAGE 01
Jan 28 2008 12:28PM   HP LASERJET 3330
Jan 28 08 01:10p   Bud Hyler                                                      p.2
                                                      1-650-851-9611              p.2

In consideration of payment of $150,000 to Investment Grade Loans, Inc. (hereinafter referred to as IGL), FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER (hereinafter referred to as "HYLERS"), IGL hereby grants the "HYLERS") an option to reacquire title (by deed or rescission) by paying the settlement balance regarding the IGL loans (i.e., the 2nd and 3rd Deeds of Trust] (hereinafter referred to as the "Loans") on the real property and residence located thereon commonly known as 5070 Alpine Road, Portola Valley, CA 94028 (hereinafter referred to as the Property").

The terms of the option are as follows:

1. Upon receipt of the aforementioned $150,000 consideration on Monday, January 28, 2008, IGL will grant HYLERS until the close of business on February 05, 2008 to either fund a new first loan in the amount of approximately $5.5 million, thereby paying off the current first loan on the property to Atlantic Seaboard Partners, or gain Atlantic Seaboards agreement to delay the sale date.

2. HYLERS shall then have an additional 90 days (or such period of time that Seaboard agrees to delay the sale) from February 05, 2008 in which to obtain financing to pay IGL any remaining balance due, it being understood that the agreed balance shall be $1.9 million, together with interest and legal fees accruing thereon from October 14, 2007 until paid in full, less the $100,000 described in Paragraph 4 below that is to be applied to the balance due IGL.

3. The points, closing costs, or other similar assessments associated with the amounts financed by HYLERs referenced in Paragraph 2, above, shall not increase the agreed balance due IGL from HYLERS.

4. HYLERS understand and agree that the $150,000 payment described above shall be divided with $100,000 to be applied to the balance due to IGL, and the remaining $50,000 retained by IGL as a "forbearance fee."

4 During the period described in paragraph 2 above, HYLERS shall be permitted to remain in the Property pending the completion of refinancing as described above.

28-Jan-2008 12:28 PM    408-  -5270             2/2
01/28/2008  12:26   4083775270                                              PAGE  02
Jan 28 2008 12:28PM   HP LASERJET 3330
Jan 28 08 01:11p      Bud Hyler                                                  p.3
                                              1-650-651-9611              p.1

5. Pending full performance by the Hylers, IGL shall retain title to the property and its judgment for Possession, it being understood that a failure to meet any of the above deadlines will cause a new Writ of Execution to be levied to obtain possession of the property.

6. This Agreement may be signed in counterpart and facsimile transmitted documents will be considered as originals.

IN WITNESS WHEREOF, the parties have executed this agreement on the date set forth opposite their signatures hereto.

Date: January 28, 2008

_____
Andrew Lewis, for IGL

Date: January 28, 2008

_____
Fletcher Hartwell Hyler

Date: January 28, 2008

_____
Sheryl Root Hyler

# EXHIBIT "B"

RECORDING REQUESTED BY and
WHEN RECORDED MAIL TO:

Fletcher Hartwell Hyler
3130 Alpine Road, Suite 288
Portola Valley, CA 94028

FILED
08 JUL 23 AM 11:06
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CALIFORNIA

## NOTICE OF PENDENCY OF ACTION
(5070 Alpine Road, Portola Valley, California)
(United States District Court, Northern District of California no. 07-CV-03180 WHA)

Fletcher Hartwell Hyler, in propria persona
Sheryl Root Hyler, in propria persona
3130 Alpine Road, Suite 288
Portola Valley, CA 94028
(650)234-8160
(650)234-8124 (fax)
budh@logmkt.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER AND SHERYL ROOT HYLER<br><br>Plaintiffs,<br><br>vs.<br><br>INVESTMENT GRADE LOANS, INC., ET AL.,<br><br>Defendants. | Case No. 07-CV-03180 WHA<br><br>NOTICE OF PENDENCY OF ACTION |

NOTICE IS GIVEN that the above-captioned action was commenced on June 15, 2007 in the above-captioned court by plaintiffs Fletcher Hartwell Hyler and Sheryl Root Hyler against Investment Grade Loans, et al.; the action is now pending in the above court.

The above-captioned action alleges a real property claim affecting certain real property that is situated in San Mateo County, California, and that is described as follows: 5070 Alpine Road, Portola Valley, California, as more fully described on Exhibit A attached hereto.

Dated: 7/22/08

Fletcher Hartwell Hyler

ACKNOWLEDGMENT

State of California    }
County of Santa Clara  }

On July 22, 2008, before me, _____LINDA MENON_____, Notary Public, personally appeared Fletcher Hartwell Hyler, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____Linda Menon_____ (Seal)

LINDA MENON
Commission # 1734005
Notary Public - California
Santa Clara County
My Comm. Expires Apr 22, 2011

Exhibit "A"

PARCEL I:

PORTION OF PARCEL "B", AS SHOWN ON THAT CERTAIN PARCEL MAP FILED AUGUST 2, 1971, IN VOLUME 13 OF PARCEL MAPS, AT PAGE 19, SAN MATEO COUNTY RECORDS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST WESTERLY CORNER OF THE AFOREMENTIONED PARCEL B; THENCE FROM SAID POINT OF BEGINNING, ALONG THE NORTHERLY LINE OF PARCEL "B", NORTH 32° 40" EAST, 169.18 FEET; NORTH 63° 28' 20 EAST, 422.00 FEET; AND NORTH 83° 40' 15" EAST, 98.68 FEET TO THE MOST WESTERLY CORNER OF PARCEL "C", AS SHOWN UPON SAID PARCEL MAP; THENCE ALONG THE WESTERLY LINE OF PARCEL "C", SOUTH 23° 50' 10" EAST, 209.71 FEET; THENCE LEAVING SAID LINE OF PARCEL "C", SOUTH 16° 16' 56" EAST, 323.30 FEET AND SOUTH 48° 04' 42" EAST, 337.97 FEET TO AN ANGLE POINT IN THE GENERALLY SOUTHERLY LINE OF THE AFOREMENTIONED PARCEL "B", THENCE ALONG SAID GENERALLY SOUTHERLY LINE, SOUTH 73° 50' 55" WEST, 211.36 FEET; SOUTH 50° 33' 15" WEST, 249.89 FEET, NORTH 5° 25' 25" WEST, 270.58 FEET AND NORTH 59° 42' 03" WEST. 662.77 FEET TO THE POINT OF BEGINNING; AND BEING A PORTION OF PARCEL "A: OF MAP ENTITLED, "RESUBDIVISION OF PARCELS B & C OF PARCEL MAP RECORDED IN VOLUME 13 OF PARCEL MAPS, AT PAGE 19, WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA, ON DECEMBER 10, 1974, IN BOOK 26 OF PARCEL MAPS, PAGE 46.

PARCEL II:

ALL THOSE CERTAIN RIGHTS AND EASEMENTS AS SET FORTH IN THE FOLLOWING DEEDS:

(A) DEED FROM CORTE MADERA, A LIMITED PARTNERSHIP, TO THE HEIRS OR DEVISEES OF JOHN FRANCIS NAYLAN, DECEASED, RECORDED APRIL 9, 1968, IN BOOK 5486 OF OFFICIAL RECORDS, AT PAGE 529 (33374-AB), RECORDS OF SAN MATEO COUNTY, CALIFORNIA.

(B) DEED FROM RANCHO CORTE MADERA, A LIMITED PARTNERSHIP, TO EDGAR B. FILION, ET UX, RECORDED SEPTEMBER 14, 1971, IN BOOK 6013 OF OFFICIAL RECORDS, AT PAGE 124 (FILE NO. 45427-AE), RECORDS OF SAN MATEO COUNTY, CALIFORNIA.

(C) DEED FROM EDGAR B. FILION, ET UX, TO ROBERT GARY OWSLEY, RECORDED DECEMBER 9, 1974, IN BOOK 6748 OF OFFICIAL RECORDS, AT PAGE 545 (FILE NO. 6457-A1), RECORDS OF SAN MATEO COUNTY, CALIFORNIA.

APN: 076-350-220