Michael E. Stone, Esq. SBN: 46016
Leo B. Siegel, State Bar No. 116841
LAW OFFICE OF MICHAEL E. STONE
3425 S. Bascom Avenue, Suite I
Campbell, California 95008
408/377-9899 Telephone
408/377-5270 Facsimile
Email: mikeestone@yahoo.com
       K9esq@flash.net

Attorneys for Defendants,
INVESTMENT GRADE LOANS, INC., et al

IN THE UNITED STATE DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLETCHER HARTWELL HYLER, and<br><br>    Plaintiffs,<br><br>vs.<br><br>INVESTMENT GRADE LOANS, INC., et al.<br><br>    Defendants.<br>_____ / | CASE NO.  07-CV-03180 WHA<br><br>Date:   August 28, 2008<br>Time:   8: 00 a.m.<br>Courtroom:   9<br>Judge: Hon. William H. Alsup<br><br>SUPPLEMENT TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXPUNGE LIS PENDENS AND FOR AWARD OF ATTORNEY'S FEES AND COSTS |

Defendants INVESTMENT GRADE LOANS, INC., et al., (hereinafter "IGL") hereby supplement their initial memorandum of points and authorities filed in this case on July 30, 2008, as follows:

FACTS

It appears that, in an unsuccessful attempt to cure the defects in the Notice of Action Pending (Lis Pendens), that is the subject of this motion to expunge, Plaintiff HYLER recorded in the Official Records of San Mateo County and filed in this action on July 23, 2008, he recorded and filed a second lis pendens on July 30, 2008, the same date as the filing of this motion. A true and correct copy of that second Lis Pendens is attached to the following Declaration of Leo B. Siegel submitted in support of Defendant's motion to expunge lis pendens. The second lis pendens is equally defective, and for

the identical reasons set forth in Defendant IGL'S initial memorandum of points and authorities in support of this motion. Accordingly, Defendants IGL request that the Court include the second lis pendens in any decision in this motion rendering an order expunging the Lis Pendens upon which it is based.

## ARGUMENT

### I.

**THE PLAINTIFF'S SECOND LIS PENDENS IN THIS ACTION IS DEFECTIVE FOR THE SAME REASONS CITED IN THE DEFENDANTS' MOVING PAPERS FOR THE FIRST LIS PENDENS THAT LED TO THE FILING OF THIS MOTION.**

Defendant included in its initial memorandum of points and authorities several grounds upon which the court should expunge Plaintiff's lis pendens that was recorded in the Official Records of San Mateo County. They included: (1) Plaintiff, a *pro se* litigant, failed to obtain the Court's approval in writing prior to recording the lis pendens, as required under the controlling California law; (2) Plaintiff failed to comply with the mailing requirements set forth in California law in order for a lis pendens to be valid; (3) There was no "action pending" at the time the lis pendens was recorded; (4) Plaintiff can not, under any circumstances, establish by a preponderance of evidence, as required under California Code of Civil Procedure Sec. 405.32, that there is a probable validity to his motion to set aside the earlier dismissal of this case or the underlying claims pursuant to the Truth In Lending Act ("TILA").

The very same defects are present in the subsequently filed Notice of Lis Pendens that Plaintiff was recorded on July 30, 2008, evidently in an effort to cure the patent defects in the first lis pendens. Based upon the foregoing, Defendants and moving parties, IGL, request that the Court include in any order issued pursuant to this motion the Plaintiff's second lis pendens recorded in the Official Records of San Mateo County as Document No. 2008-087986

Dated: August 6, 2008                    LAW OFFICES OF MICHAEL E. STONE

By:   /s/ Leo B. Siegel
      Leo B. Siegel, Attorneys for Defendants,
      INVESTMENT GRADE LOANS, et al.