

1  Fletcher Hartwell Hyler, in propria persona
   Sheryl Root Hyler, in propria persona
2  3130 Alpine Road, Suite 288
   Portola Valley, CA 94028
3  (650)234-8160
   budh@logmkt.com
4

5

6

7
                            **UNITED STATES DISTRICT COURT**
8
                        **NORTHERN DISTRICT OF CALIFORNIA**
9

10
   **FLETCHER HARTWELL HYLER AND    )    Case No.: A07-CV-03180 WHA**
11 **SHERYL ROOT HYLER,            )**
                **Plaintiff,       )    PLAINTIFFS' MEMORANDUM IN**
12                                 )    **OPPOSITION TO MOTION TO**
                **vs.             )    EXPUNGE NOTICE OF LIS PENDENS**
13                                 )
   **INVESTMENT GRADE LOANS, INC., ET )    DATE:       August 28, 2008**
14                                 )    **TIME:       8:00 a.m.**
   **AL.,,                          )    PLACE:      Courtroom 9**
15                                 )    **BEFORE:    Honorable Judge William H.**
                **Defendant       )               Alsup**
16 _____)

17
                                 **I. INTRODUCTION**
18

19        Defendants have moved to expunge Plaintiffs' Notice of Pendency of Action dated July

20 23, 2008, asserting that this action is not one involving title to real property, that Plaintiffs have

21 failed to prove their likelihood of success on the merits, and that Plaintiffs failed to adhere to

22 procedural notice requirements. Defendants are wrong on all fronts. Moreover, to the extent

23 that Defendants seek to extend the effect of this Motion to the Notice of Pendency of Action

24 dated July 30, 2008, they have given improper notice of that Motion, having attempted to

25

26
   **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION**                                    1
   **TO EXPUNGE NOTICE OF LIS PENDENS**

piggyback it on their initial Motion as a "supplemental" filing on August 6, 2008, without leave

of this Court and without the 35 days' notice required by L.R. 7-2.

## II. LEGAL ANALYSIS

### A. This Action Affects Title to Real Property.

Plaintiffs in this action seek to prove that the loan which formed the basis for Defendants'

foreclosure on Plaintiffs' residence was unlawful pursuant to the Federal Truth in Lending Act

("TILA"), 15 U.S.C. § § 1601 *et seq.* In so doing, Plaintiffs will establish that the Defendants'

foreclosure was wrongful. Since, to Plaintiffs' knowledge, Defendants still retain title to

Plaintiffs' residence, Plaintiffs fully intend, through the process of quieting title, to obtain return

of title to their residence, among other remedies. Clearly litigation to quiet title to real property

constitutes an action concerning real property or affecting the title or the right of possession of

real property. See, Kendall-Brief Co. v Superior Court (1976) 60 Cal.App. 3rd 462, 131 Cal.Rptr.

515; CCP § 405.20 *et seq.* The fact that this Court could, as it earlier did, issue a temporary

injunction in this case prohibiting the foreclosure, establishes the law of this case to the effect that

this action does affect title to real property.

### B. Plaintiffs Have Demonstrated Their Likelihood of Success on the Merits of This Case.

Plaintiffs have demonstrated their likelihood of success on the merits of this action through

the evidence submitted in conjunction with their Fed.R.Civ.Proc. 60(b)(3) Motion to Set Aside

the Judgment heard concurrently herewith. All of the elements of a successful TILA action were

self-evident from the loan documents themselves except whether the loan was for personal or

business purposes. Specifically:

1. 15. U.S.C. § 1602(aa) of the Truth in Lending Act provides as follows:

A mortgage referred to in this subsection means a consumer credit transaction that is secured by a consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if --

(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the moth in which the application for the extension of credit is received by the creditor; or

(B) the total points and fees payable by the consumer at or before the closing will exceed the greater of --

(i) 8 percent of the total loan amount; or

(ii) $400.

2. The Hylers made application for the loan which is the subject of this action between approximately December 15, 2003 and January 15, 2004. On December 15, 2003, the rate for 5 year Treasury securities was 3.26% and on January 15, 2004 the rate for 5 year Treasury securities was 2.97%. (See Hyler Declaration submitted herewith.)

3. Section 3 of the Note given by Plaintiffs to Defendants provides for an interest rate of 16.0%. (See Exhibit A to Declaration of Fletcher Hyler in Support of Fed.R.Civ.Proc. 60(b)(3) Motion to Set Aside Judgment.)

4. The total points and fees paid by Plaintiffs to Defendants amounted to approximately $126,250 (per the closing statement attached to the Hyler Declaration submitted with the 60(b)(3) motion to set aside the judgment), which was approximately 11.0% of the loan total. (See Exhibit C to Declaration of Fletcher Hyler in Support of Fed.R.Civ.Proc. 60(b)(3) Motion to Set Aside Judgment.)

Thus, both the interest rate and closing costs on the subject loan exceeded TILA limits. The only issue in this case was the purpose behind the loan. The admission of Andrew Lewis to the

California Department of Real Estate that a simultaneous loan based on the same loan application was a consumer loan ends the inquiry:  Defendants violated TILA with their loan.  Plaintiffs hereby incorporate by reference that Motion and its supporting declarations and the reply memorandum submitted in conjunction with that Motion.

**C.  Plaintiffs Provided Defendants with Adequate Notice of the Notice of Pendency of Action.**

Plaintiffs substantially complied with the notice requirement by serving Defendants' counsel with the Notice of Pendency of Action.  Substantial compliance with statutory directives regarding notice will suffice if the purpose of the statute is thereby satisfied.  <u>Downtown Palo Alto Committee for Fair Assessment v. City Council of Palo Alto</u> (1986) 180 Cal.App.3d 384, 225 Cal.Rptr. 559; <u>see also</u>: Hanf <u>v. Sunnyview Development, Inc.</u> (1982) 128 Cal. App. 3d 909, 914, 180 Cal. Rptr. 718; <u>Cory v. Crocker National Bank</u> (1981) 123 Cal. App. 3d 665, 669, 177 Cal. Rptr. 150; <u>Camp v. Board of Supervisors</u> (1981) 123 Cal. App. 3d 334, 348, 176 Cal. Rptr. 620.  The substantial compliance doctrine applies to statutory notice provisions relating to lis pendens notices as well.  <u>See</u>, <u>Sunlight Electric Supply Co. v. McKee</u> (1964) 226 Cal.App.2d 47, 37 Cal.Rptr. 782.

Obviously, Defendants received notice or they would not be present in Court seeking expungement.  Since Plaintiffs provided notice sufficient to notify Defendants, they have substantially complied with the terms of the statute.  Defendants' objections to the form of Plaintiffs' notice therefore do not form a basis for expungement.

**D.  Defendants' Supplemental Materials Should Not Be Considered at this Time.**

Defendants' moving papers originally pertained to the Notice of Pendency of Action dated July 23, 2006 filed by Defendants with the Court.  On August 6, 2008, Defendants' counsel

served upon Plaintiffs and filed with this Court for the amounts to motion to expunge the July 30, 2008 Notice of Pendency of Action (in the form of a Supplement to Memorandum of Points and Authorities in Support of Motion to Expunge Lis Pendens and for Award of Attorneys Fees and Costs). These supplemental papers were filed and served on far fewer than 35 days notice, as required by Local Rule 7-2, nor was leave of Court granted for this late filing. Plaintiffs hereby object to the untimely notice of these supplemental materials, and request that they not be considered by this Court at this time. If they are to be considered, Plaintiffs refer to the points and authorities set forth above as being equally applicable to the July 30, 2008 Notice of Pendency of Action.

### E. Defendants' Claim for Attorneys' Fees Should be Denied.

For the foregoing reasons, Plaintiffs should prevail on this motion and be awarded their attonreys' fees; Defendants' request for attorneys' fees should be denied. It should be noted, however, that Defendants' presentation of an eight page motion does not justify an award of 10 hours in attorney fees. Plaintiffs submit that Defendants could have reasonably expended no more than 4 hours in the preparation and submission of the motion, reply and/or argument, even if the motion had been reasonable or necessary, which it was not.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Expunge the Notice of the Pendency should be denied. Plaintiffs as the prevailing party should be rewarded their reasonable attorneys fees in the sum of $1,050 incurred in opposing this motion. In the alternative, pursuant to CCP §405.36 this Court should grant Plaintiffs' permission to re-serve and rerecord the Pendency of Action.

1

Dated: _____

Fletcher Hartwell Hyler,
In Propria Persona

2

3

4

5

Dated: _____

Sheryl Root Hyler,
In Propria Persona

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION
TO EXPUNGE NOTICE OF LIS PENDENS**

6

## PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Dalmatian Courier, 4546 El Camino Real, Ste. 262, Los Altos, CA 94022. On August 13, 2008, I served the foregoing documents described as **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO EXPUNGE NOTICE OF LIS PENDENS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows:

Leo B. Siegel
16 Waugh Road
Royal Oaks, California

Michael E. Stone
Law Office of Michael E. Stone
3425 S. Bascom Avenue, Ste. I
Campbell, CA 95008

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 13, 2008, at Palo Alto, California.

Justin M. Castillo
(Print Name) Dalmatian Courier Carrier

(Signature) Dalmatian Courier Carrier