Fletcher Hartwell Hyler, in propria persona
Sheryl Root Hyler, in propria persona
3130 Alpine Road, Suite 288
Portola Valley, CA 94028
(650)234-8160
budh@logmkt.com



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER AND SHERYL ROOT HYLER,<br>    Plaintiff,<br><br>vs.<br><br>INVESTMENT GRADE LOANS, INC., ET AL.,,<br><br>    Defendant | Case No.: A07-CV-03180 WHA<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF FED.R.CIV.PROC. 60(b)(3) MOTION TO SET ASIDE JUDGMENT<br><br>DATE: August 28, 2008<br>TIME: 8:00 a.m.<br>COURTROOM: 9<br>JUDGE: Hon. William A. Alsup |

## I. INTRODUCTION

Defendants failed to refute either the facts or law set forth in Plaintiffs' moving papers. Despite Mr. Lewis' effort in his new declaration to "mend his hold", the facts remain: On August 1st 2007, IGL argued vehemently to this Court that it only made business loans, yet only four days earlier it (through its CEO) had stipulated to the DRE that the Hyler loan was a consumer loan, knowing full well that the DRE action would not be published until three weeks after the TRO hearing. This constitutes fraud on both Plaintiffs and the Court. Nor have Defendants raised any valid reason why their misrepresentations to this Court and Plaintiffs should not form the basis for setting aside the Stipulated Judgment in this case per Fed.

R.Civ.Proc. 60 (b)(3).  (Indeed, Defendants failed to cite any cases involving Rule 60 (b)(3) whatsoever.)  Each of the reasons suggested by Defendants in opposition to Plaintiffs' Motion is either factually incorrect, legally unsound, wholly irrelevant, or in most cases, some combination of the foregoing.[1]  Therefore, for the reasons set forth in Plaintiffs' moving papers, Plaintiffs' motion to set aside the judgment should be granted.

## II. LEGAL ANALYSIS

Plaintiffs will address each of Defendants' arguments in turn.

### A. Reliance/Falsity/Duty to Disclose:

Although Defendants labeled their first argument "reliance", under that heading they also raised issues of falsity and lack of a duty to disclose.

Although Plaintiffs, the Hylers, signed a Settlement Agreement in which they "contest[ed] the validity of the foreclosure," they did so in the face of Defendants' assertion that their subjective intent that the subject loan was for business purposes.  Plaintiffs realized that they could not very well refute Defendants' representations regarding their subjective intentions, since such intentions can only be known to those who hold them.  Defendants had sworn throughout the litigation that their subjective intention was that the loans were made for business purposes.  Indeed, the Settlement Agreement itself reiterates that "[t]he defendants deny the validity of the claims assert[ed] in the Action or that the Hylers have any claims whatsoever."

---

[1] Defendants commence their parade of irrelevant argument by reference to the Hylers' appeal in the unlawful detainer brought by Defendants.  So that the Court is not unduly prejudiced by that reference, it should be noted that: (1) There was no "Stipulation" in the unlawful detainer action as claimed by Defendants; rather, it was anticipated that a written settlement agreement would be entered, but never was; (2) based on the non-existent "Stipulation" Defendants obtained an *ex parte* order of eviction, but failed to give proper notice of the ex parte hearing to Plaintiffs' counsel, who consequently did not attend; and (3) based on the foregoing and the tenor of the judges' questions at the hearing on the appeal of that decision, it is apparent that the decision will be reversed on appeal.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF                                    2
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

1  Thus, the Hylers were forced to rely upon Defendant Lewis' representation of his subjective

2  intention in making the loans at issue, when they executed the Settlement Agreement.

3  Unbeknownst to Plaintiffs at the time they executed the Settlement Agreement, however,

4  Defendant Andrew Lewis (the lead party in the loan transaction with the Hylers) had only

5  recently stipulated before the California Department of Real Estate (DRE) that a simultaneous

6  loan on the Hylers' residence was a "covered loan" within the meeting of Section 4970 of the

7  Financial Code." Section 4970 (b) states in pertinent part that: "'Covered loan' means a

8  consumer loan...." Thus, before the DRE, Defendant Lewis admitted, in essence, that the

9  representations he made to this Court and to Plaintiffs in this case were, are, and remain, false. A

10 consumer loan is the opposite of a business loan.[2]

11 Defendants' case citation to United States ex rel. Diane Giles v. Lyle Sardie (C.D. Cal.

12 2000) 191 F.Sup.2d 1128 is misplaced. That case is a fraudulent concealment case. In

13 concealment cases, liability only adheres if the defendant has a duty to disclose. This case,

14 however, involves a false statement of fact, rather than a concealment of fact. Compare, e.g.,

15 Cal. Civil Code § 1572, paragraphs 1 and 2, and § 1573. In fraud cases involving false

16 statements of fact, no duty to disclose the truth is required in order to prove liability for fraud.

17 Even so, Defendants' claim that they owed no duty to report the truth to Plaintiffs is

18 inaccurate, where, as here, they had misled the Plaintiffs into believing something other than the

---

[2] In light of that admission to the California Department of Real Estate, Mr. Lewis' Declaration submitted in opposition of this motion, once again, says that its purpose was to make a business loan must be considered perjury.

Later in their opposition, Defendants make mention of Exhibit "D" to Defendants' Memorandum and Opposition to Request for Preliminary Injunction. Defendants continue to claim that Exhibit "D" shows that the loan was for business purpose, but upon an actual reading of the document it is clear that the subject loans were for personal liabilities. While those personal liabilities included personal liability for the delinquent payroll taxes of a company which employed Fletcher Hyler, such a liability is still personal, every bit as much as a liability for negligent operation of automobile in the course of a business is still personal to the driver.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

3

truth (that Defendants themselves held the subjective intention that the subject loan was for business purposes). According to the California Court of Appeals:

> "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. [Citation.]'" (LiMandri v. Judkins (1997) 52 Cal.App.4th 326, 336, quoting Heliotis v. Schuman (1986) 181 Cal.App.3d 646, 651.) Where, as here, there is no fiduciary relationship, the duty to disclose generally presupposes a relationship grounded in "some sort of transaction between the parties. [Citations.] Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement. [Citation.]" (Id. at p. 337.)

OCM Principal Opportunities Fund v. CIBC World Markets Corp. (2007) 157 Cal.App.4th 835, 68 Cal.Rptr.3d 828.

Civil Code §§ 1709 and 1710 define deceit:

1709. One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.

1710. A deceit, within the meaning of the last section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing it.

One who is asked for or volunteers information must be truthful, and that the telling of a half truth, calculated to deceive, is fraud. Cf. Civ. Code § 1710, subd. 3; Gillespie v. Ormsby, 126 Cal. App. 2d 513, 272 P.2d 949. Defendants' failure to disclose their true intention to Plaintiffs and this Court, that the subject loans were consumer loans, hence constitute fraud, since they had actively misled everyone to the contrary.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF                                      4
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

Moreover, Rule 60(b)(3) applies not only to "fraud" but also to "misrepresentation and other misconduct." The foregoing facts demonstrated by Plaintiffs clearly constitute both "misrepresentation and other misconduct" as well as "fraud." Defendant Lewis knowingly made materially false statements to both Plaintiffs and this Court, upon which Plaintiffs and this Court relied, and now has been caught red-handed. Pursuant to Federal Rule of Civil Rule 60(b)(3), the Settlement Agreement and the Judgment which were based upon those knowingly and materially false statements should be set aside.

B. **Defendants Did Not Have a Belief or Understanding That the Loan was for Business Purposes**.

Defendants concede that there was only one loan application, the Bowers letters that was Exhibit "D" to Defendant's Opposition to Request for Preliminary Injunction, yet somehow suggest that this application is not proof that both loans were made by Defendants based on the same application. Their logic is incomprehensible. And again, the aforementioned Exhibit "D" shows that the loan was for Mr. Hyler's personal liability rather than a business liability.

Mr. Lewis claims in his Declaration that the Stipulation is not an admission of anything, yet a Stipulation to certain facts clearly does constitute an admission of those facts. As noted above, Mr. Lewis stipulated to the fact that the loan was a "covered" loan and consequently not a "consumer loan" pursuant to California Financial Code § 4970. That constitutes an admission. The evidence hence is clear that Defendant Lewis understood the subject loan to be for personal rather than business purposes.

C. **The Settlement Agreement Language is No Bar to Setting Aside the Settlement Agreement for Fraud**.

Defendants appear to argue (without citation to authority) that the waiver of Civil Code § 1542 rights set forth in the Settlement Agreement bars Plaintiffs' claim for rescission due to fraud. This argument is untrue, however. Fraud in the inducement of a release voids the entire agreement, including the Section 1542 waiver. See, 1 Witkin Summary of Cal. Law (9th Ed. 1987) Contracts, § 410, pp. 368-369.

Defendants also appear to claim that the language of the Settlement Agreement pertaining to oral representations (at paragraph 17) somehow bars Plaintiffs' claim for rescission due to fraud and misrepresentation. However, the language of that paragraph applies by its terms to oral representations "…concerning this Agreement…" as they pertained to varying the terms thereof. The oral representation at issue is not purported to be a term of the Agreement, but rather forms an underlying basis for it. No wonder Defendants did not bother quoting the language; it is inapplicable to the present issues. Moreover, the foregoing analysis pertaining to the § 1542 waiver also applies here; Defendants' fraud voids the agreement in its entirety, including this term.

Defendants rely on Winet v. Price (1992) 4 Cal.App.4th 1159, for the proposition that Plaintiffs' undisclosed subjective intent can not form the basis for voiding a settlement agreement. That argument is wholly irrelevant to this case. Plaintiffs are not relying upon their undisclosed subjective intent; they relied upon to the active misrepresentation of Defendants in inducing the Settlement Agreement, and assert that reliance as the basis for voiding it. Were Defendants' interpretation of the Winet case accurate, virtually no settlement agreement could be voided for fraud. Yet, as set forth in Plaintiffs' moving papers, such is not the case under either

California law, or Federal law interpreting Rule 60(b)(3). See, e.g. Village Northridge Homeowners Assn. v. State Farm Fire and Cas. Co. (2007) 157 Cal.App 4th 146, 69 Cal.Rptr. 3rd 551 (2007) and cases cited therein; Triangle Corp. v. I.N.C. Management Corp. (D.Mass. 1989) 127 F.R.D. 444; U.S. v. Baus (1st Cir. 1987) 834 F.2nd 1114, 1123. Where, as in those cases, Defendants made an active misrepresentation of fact, Plaintiffs' reliance thereon need not be specifically recited in the Settlement Agreement in order to void the agreement for fraud.

### D. The D.R.E. Stipulation is Admissible in Evidence.

Of all Defendants' perplexing arguments, their claim that the D.R.E. Stipulation is inadmissible is the biggest head scratcher. While obviously offers of compromise and settlement are inadmissible, there has never been any rule of law that settlement agreements themselves are inadmissible. Indeed, the statute relied upon by the Defendants specifically states: "Nothing in this section makes inadmissible any public document created by a public agency." California Government Code § 1145.60(a).

Nor is the Stipulation at issue truly a settlement agreement in the first place. This Court well knows the difference between a stipulation of facts, and a settlement agreement. The whole point of a stipulation is to agree upon facts which will form the basis for a decision by a third party tribunal. A settlement agreement, on the other hand, generally takes the decision-making authority away from any third party tribunal and hands it to the parties. In neither case is there policy or statute rendering the terms thereof inadmissible in evidence. [3]

---

[3] Defendant Lewis' testimony in his Declaration, at paragraph 4, page 2, lines 7 -14, regarding his alleged conversation with a D.R.E. representative, is hearsay and is hereby objected to on that basis; Plaintiffs hereby move to strike that testimony. It is ironic that Defendants would object to the admissibility of the Settlement Agreement but submit the contents of a conversation that Lewis contends occurred in the course of settlement discussions for that Settlement Agreement as evidence in this case. Defendants conceivably have waived their inadmissibility argument by submitting this hearsay statement.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

7

E. **The January 2008 Agreement Did Not Reaffirm the August 2007 Agreement**.

Defendants contend that the January 2008 Agreement between Plaintiffs and Defendants constituted a reaffirmation or novation of the Settlement Agreement which resulted in dismissal of this action. A review of the two Agreements makes it clear that this is simply not the case. The first Agreement called for payment of $200,000.00 in exchange for an option to repurchase the property. Plaintiffs paid $100,000.00 but discovered they would be unable to exercise the option, which lapsed in any event. In the January 2008 Agreement, Plaintiffs paid **an additional** $150,000.00 to obtain a **new** option to repurchase the property. This was not a novation of the prior agreement, since the consideration for the second agreement was completely separate from the consideration for the first agreement, and the options were different. Neet v. Holmes (1944) 25 Cal.2d 447, cited by Defendants, hence is inapposite. The Plaintiffs here did not "accept the benefits" of the August 2007 Agreement in entering into the January 2008 Agreement; rather, the parties created a whole new set of rights and obligations completely independent of the earlier Agreement.

Nothing about the January 2008 Agreement reaffirmed the Plaintiffs' decision, in reliance upon the misrepresentations of Defendants, to agree to a dismissal of this action in the August 2007 Agreement. Dismissal of this action simply is not an issue or term of the January 2008 Agreement. Consequently, that later Agreement cannot form a basis for denial of Plaintiffs' motion.

///

///

///

///

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

8

F. **Defendants Expended Nothing in Reliance on the Settlement Agreement; Consequently, No Tender was Required to Rescind It.**[4]

Defendants had already foreclosed on the subject property before the Settlement Agreement was entered into, as is apparent from the terms of the Settlement Agreement itself: Defendants could not have granted Plaintiffs an option to repurchase the property if Defendants did not already hold title to the property. Defendants thus voluntarily had taken on the liability for the first mortgage on the property **before** entering into the Settlement Agreement. Defendants' claim that they took on that liability in reliance on the Settlement Agreement hence is specious. The only consideration which flowed in conjunction with the Settlement Agreement was a $100,000.00 payment **from the Hylers** to Defendants. Thus, if anything is to be returned as a result of the rescission of the Settlement Agreement, it is $100,000.00 from Defendants to Plaintiffs. There is no tender of benefits due from Plaintiffs to Defendants.

Plaintiffs estimate that their damages due from Defendants for Defendants' violation of the Federal Truth in Lending Act ("TILA") nearly or entirely offset any liability for the principal balance of the loan at issue. TILA also calls for forfeiture of the interest claimed by Defendants. Morever, pursuant to Civil Code Section 1691:

\*\*\*
> When notice of recission has not otherwise been given or an offer to restore the benefits received under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on recission shall be deemed to be such notice or offer or both.

---

[4] Defendants have submitted a Declaration of Michael E. Stone in Support of Motion to Expunge Lis Pendens and Award of Attorneys' Fees and Costs, which seems to contain testimony which they expect to be considered in conjunction with this Motion as well. Unfortunately, that Declaration is rife with opinion testimony, hearsay testimony, and testimony given on lack of personal knowledge, and is objected to on those bases. Specifically, Plaintiffs object to Paragraphs 10 thereof, at p.3, ll. 16-18, as legal opinion (without citation to authority) and move to strike it.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

9

California Civil Code § 1691(b). Thus, no such tender was a prerequisite to Plaintiffs Motion.

### G. Defendants Have No Entitlement to Sanctions.

As the foregoing demonstrates, Plaintiffs should win this motion, so it cannot be deemed frivolous. Nonetheless, Defendants have failed to comply with the procedural requirements of Fed.R.Civ.Proc. 11(c), so their request for sanctions cannot be considered by this Court.

### III. CONCLUSION

As demonstrated above, Defendants have failed to provide any valid reasons why Plaintiffs' Motion should not be granted. Defendants never even contested that the Settlement Agreement, by calling for reinstatement of loans which violate TILA, was illegal and therefore void. Moreover, Plaintiffs have fully demonstrated "fraud, misrepresentation or other misconduct" justifying the setting aside the Judgment and Settlement Agreement. This Court therefore should order the same.

Dated: 8/9/08

Fletcher Hartwell Hyler,
In Propria Persona

Dated: 8\9\08

Sheryl Root Hyler,
In Propria Persona

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
FED.R.CIV. P. 60 (b)(3) MOTION TO SET ASIDE JUDGMENT

10

## PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Dalmatian Courier, 4546 El Camino Real, Ste. 262, Los Altos, CA 94022. On August 13, 2008, I served the foregoing documents described as **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF FED.R.CIV.PROC. 60(b)(3) MOTION TO SET ASIDE JUDGMENT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows:

Leo B. Siegel  
16 Waugh Road  
Royal Oaks, California

Michael E. Stone  
Law Office of Michael E. Stone  
3425 S. Bascom Avenue, Ste. I  
Campbell, CA 95008

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 13, 2008, at Palo Alto, California.

_Justin M. Castillo_  
(Print Name) Dalmatian Courier Carrier

_[signature]_  
(Signature) Dalmatian Courier Carrier