Fletcher Hartwell Hyler, in propria persona
Sheryl Root Hyler, in propria persona
3130 Alpine Road, Suite 288
Portola Valley, CA 94028
(650)234-8160
budh@logmkt.com



FILED
08 AUG 13 PM 1:33
RICHARD W. W...
CLERK, U.S. DISTRICT...
NORTHERN DISTRICT...

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER AND SHERYL ROOT HYLER,<br>  Plaintiff,<br>vs.<br>INVESTMENT GRADE LOANS, INC., ET AL.,,<br>  Defendant | Case No.: A07-CV-03180 WHA<br><br>DECLARATION OF FLETCHER HARTWELL HYLER IN SUPPORT OF REPLY MEMORANDUM ON FED.R.CIV.PROC. 60(b)(3) MOTION TO SET ASIDE JUDGMENT AND IN OPPOSITION TO MOTION TO EXPUNGE LIS PENDENS<br><br>DATE: August 28, 2008<br>TIME: 8:00 a.m.<br>COURTROOM: 9<br>JUDGE: Hon. William A. Alsup |

I, Fletcher Hartwell Hyler, hereby declare as follows:

1. It is my understanding that pursuant to the federal Truth in Lending Act ("TILA"), if I prevail in this action I will be entitled to damages for my attorneys' fees expended, and for my out-of-pocket expenses incurred in contesting Defendants' foreclosure proceedings and unlawful detainer proceedings, and in conjunction with being wrongfully evicted from my home. To date, I estimate that these damages are nearly equal to the principal balance of the loan which I took out from Defendants. Moreover, it is my understanding that, if I prevail, Defendants will not be entitled to collect interest on the loan. See, 15 U.S.C. §§ 1601 et seq.

DECLARATION OF FLETCHER HARTWELL HYLER
IN SUPPORT OF REPLY MEMO. ON FRCP 60(b)(3)
MOT. TO SET ASIDE JUDGMENT AND IN OPP. TO
MOT. TO EXPUNGE LIS PENDENS

1

2. Defendants have characterized Exhibit "A" to the Declaration of Michael E. Stone in Support of Motion to Expunge Lis Pendens and Award of Attorney's Fees and Costs as a novation or affirmation of the Settlement Agreement attached as Exhibit "F" to my Declaration of Fletcher Hyler in Support of Motion to Set Aside Judgment submitted with my moving papers. This is simply not an accurate characterization. The option period under that Exhibit "F" had expired by the time that I executed that Exhibit "A" (not that I would have been entitled to the option anyway if Exhibit "F" were valid, since I had not finished paying for it), so I had to pay new money for a new option in that Exhibit "A." Regardless of that fact, nothing in that Exhibit "A" had anything to do with releasing Defendants or dismissing the above-captioned action, and consequently cannot be deemed to have affirmed that Exhibit "F".

3. Defendants have referred to my appeal of the order evicting my wife and I from the subject property in an unlawful detainer proceeding distinct from this action. So that their characterization does not unfairly prejudice this Court, I note that: (1) There was no "Stipulation" in the unlawful detainer action as claimed by Defendants; rather, it was anticipated that a written settlement agreement would be entered, but never was due to disagreement as to some of the proposed terms and conditions thereof; (2) based on the non-existent "Stipulation" Defendants obtained an *ex parte* order of eviction, but failed to give proper notice of the ex parte hearing to Plaintiffs' counsel, who consequently did not attend; and (3) based on the foregoing and the tenor of the judges' questions at the hearing on the appeal of that decision, it is apparent that the decision will be reversed on appeal. With respect to the first of these points, attached hereto as Exhibit "A" is a true and correct copy of the transcript of the proceedings at the settlement conference which resulted in a tentative agreement that Defendants later falsely characterized to that Court (and to this Court) as a "Stipulation." As is apparent from comparing

DECLARATION OF FLETCHER HARTWELL HYLER
IN SUPPORT OF REPLY MEMO. ON FRCP 60(b)(3)
MOT. TO SET ASIDE JUDGMENT AND IN OPP. TO
MOT. TO EXPUNGE LIS PENDENS

2

that misrepresentation to that Court to their misrepresentations to this Court, Defendants have maintained a consistently unethical approach to their litigation strategy.

4. I made application for the loan which is the subject of this action between approximately December 15, 2003 and January 15, 2004. My research has revealed that on December 15, 2003, the rate for 5 year Treasury securities was 3.26% and on January 15, 2004 the rate for 5 year Treasury securities was 2.97%.

5. I never received any communication from anyone, Mr. Stone or anyone else, of any procedural infirmities with respect to either the July 23, 2008 Notice of Pendency of Action, or the subsequent July 30, 2008 Notice of Pendency of Action which I did have recorded and filed with this Court, prior to receiving Mr. Stone's motion to expunge. Had I received such notice of infirmities, I would have released the recorded notice and proceeded to correct any infirmities through a new notice. Consequently, no attorneys' fees were reasonably expended by Defendants in preparing any motion to expunge.

6. I engaged an attorney with in excess of 20 years of litigation experience, located in Palo Alto, California, to prepare my opposition to the Motion to Expunge Notice of Lis Pendens. That attorney has expended three hours in preparing my opposition and bills me at a rate of $350.00, which is a rate I know to be reasonable for an attorney of his experience located in Palo Alto.

I swear and affirm the foregoing is true and correct under penalty of perjury pursuant to the laws of the State of California.

Dated: 8/9/08

_____
Fletcher Hartwell Hyler,

DECLARATION OF FLETCHER HARTWELL HYLER
IN SUPPORT OF REPLY MEMO. ON FRCP 60(b)(3)
MOT. TO SET ASIDE JUDGMENT AND IN OPP. TO
MOT. TO EXPUNGE LIS PENDENS

EXHIBIT A

```
 1            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                   IN AND FOR THE COUNTY OF SAN MATEO
 3                              ---oOo---
 4
 5   , INVESTMENT GRADE LOANS, INC.,        )
                                            )
 6                         Plaintiff,       )
                                            )
 7              vs.                         )
                                            )  No. CLJ 195919
 8   FLETCHER HARTWELL HYLER, et al.,       )
                                            )
 9                         Defendant.       )
     _____)
10
11
12
13
14             REPORTER'S TRANSCRIPT OF PROCEEDINGS
15       BEFORE THE HONORABLE SUSAN GREENBERG, JUDGE PRO TEM
16                         DEPARTMENT 32
17                        DECEMBER 3, 2007
18
19   A P P E A R A N C E S:
20
21   For the Plaintiff:      MICHAEL E. STONE, Attorney at Law
22
23   For the Defendant:      SUSAN J. BAYERD, Attorney at Law
24
25   Reported by:            ROXANNE SAN MIGUEL, CSR 10884
26
```

Exhibit "A"

```
 1                      P R O C E E D I N G S
 2      DECEMBER 3, 2007                    REDWOOD CITY, CALIFORNIA
 3                              ---oOo---
 4
 5              THE COURT:  Line 2 for Investment Grade Loans and
 6      Fletcher Hyler.
 7              MS. BAYERD:  Good morning, Your Honor.
 8              THE COURT:  Good morning.
 9              MS. BAYERD:  Susan Bayerd for the Hylers.
10              MR. STONE:  Michael Stone for the plaintiffs.
11              THE COURT:  Good morning.  And have you completed
12      your stipulation?
13              MS. BAYERD:  Yes.
14              MR. STONE:  The stipulation, Your Honor, is that
15      the defendants, Mr. and Mrs. Hyler, will be given one week to
16      December 10th to come up with $100,000 delivered to my office
17      in certified funds.  If they come up with that money, then I
18      will be dismissing this complaint.  If they fail to come up
19      with that money, then the plaintiffs are entitled to judgment
20      for immediate possession upon an ex-parte application.
21              Also, part of the settlement is if they do come up with
22      the money by December 10th, they will then have until
23      January 9th, 30 days from December 10th, to come up with the
24      balance of the settlement payment according to Exhibit B to the
25      complaint, which was a settlement agreement arrived at after
26      the title case.  If they come up with it, then Mr. Hyler has
```

1   the option of whether or not to have the sale -- the
2   foreclosure sale -- rescinded, and reinstatement will reconvey
3   the deed of trust, or to take a deed to the property as a sale.
4   That's part of the settlement agreement is retaining that
5   option if he comes up with the balance of the settlement.
6           THE COURT:  By January 10th?
7           MR. STONE:  By January 9th.
8           THE COURT:  Oh, 9th.
9           MR. STONE:  Both sides will pay their own
10  attorney's fees and costs in this case.
11          THE COURT:  Ms. Bayerd, is that your understanding
12  of the agreement?
13          MS. BAYERD:  Yes, it is.
14          THE COURT:  You guys are going to put this down in
15  writing?
16          MR. STONE:  I'm sorry, Your Honor?
17          THE COURT:  You are going to reduce this to a
18  written stipulation?
19          MR. STONE:  I think I would rather reduce it to a
20  court order upon stipulation, send it to Ms. Bayerd for
21  approval, and then to you to sign.
22          THE COURT:  Good.  That's what I meant.  So that's
23  fine.  We've got it in January.  I've got my notes as to all
24  the details you just specified.  So go ahead and put it in
25  writing, and after it has been approved, send it to me for
26  approval.

1          MR. STONE:  Thank you, Your Honor.
2          MS. BAYERD:  Thank you.
3          THE COURT:  Thank you both.
4
5          (Whereupon, the proceedings were concluded.)
6                         ---oOo---

```
1    STATE OF CALIFORNIA.       )
                                )ss.
2    COUNTY OF SAN MATEO        )
```

### REPORTER'S CERTIFICATE

I, ROXANNE SAN MIGUEL, an Official Reporter of the Superior Court, State of California, County of San Mateo, Certificate No. 10884, do hereby certify that the foregoing is a full, true, and correct statement of the testimony and proceedings had in the within-entitled matter, and that the same is a full, true, and correct transcription of the shorthand notes as taken by me in said matter.

Dated in Redwood City, California, this 26th day of December, 2007.

_____

ROXANNE SAN MIGUEL

OFFICIAL REPORTER

## PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Dalmatian Courier, 4546 El Camino Real, Ste. 262, Los Altos, CA 94022. On August 13, 2008, I served the foregoing documents described as **DECLARATION OF FLETCHER HARTWELL HYLER IN SUPPORT OF REPLY MEMORANDUM ON FED.R.CIV.PROC. 60(b)(3) MOTION TO SET ASIDE JUDGMENT AND IN OPPOSITION TO MOTION TO EXPUNGE LIS PENDENS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows:

Leo B. Siegel                                   Michael E. Stone
16 Waugh Road                            Law Office of Michael E. Stone
Royal Oaks, California               3425 S. Bascom Avenue, Ste. I
                                                        Campbell, CA 95008

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 13, 2008, at Palo Alto, California.

_Justin M. Castillo_
(Print Name) Dalmatian Courier Carrier

_[signature]_
(Signature) Dalmatian Courier Carrier