1  Michael E. Stone, State Bar No. 46016
   Leo B. Siegel, State Bar No. 116841
2  LAW OFFICE OF MICHAEL E. STONE
   3425 S. Bascom Avenue, Suite I
3  Campbell, California 95008
   408/377-9899 Telephone
4  408/377-5270 Facsimile

5  Attorney for Defendants
   Investment Grade Loans, Inc., et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER, | CASE NO.: 07-CV-03180 WHA |
| Plaintiffs, | **REPLY BY WAY OF OBJECTION TO PLAINTIFFS' BELATED OPPOSITION TO MOTION TO EXPUNGE NOTICE OF LIS PENDENS** |
| vs. | |
| INVESTMENT GRADE LOANS, INC., et al. | |
| Defendants. | Hearing Date: August 28, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9<br>Judge: Hon. William H. Alsup |

On or about August 1, 2008, the Honorable William Alsup, United States District Judge, ordered "The opposition to defendants' motion to expunge is due on August 7, 2008, with the reply due on August 14, 2008. Plaintiffs opposition documents ( a Memorandum and a Declaration) were not filed until August 13, 2008 and put in the mail to Defendants' counsel on August 13, 2008. They were received the afternoon of August 14, 2008, leaving no meaningful opportunity to reply by today's deadline. Consequently, Defendants object to the opposing documents, request that they be stricken and given no consideration, and that the motion be treated as unopposed.

1    Just in case such a request is denied, Defendants respond ever so briefly to the arguments
2    raised (in the order presented):

3    1)  The underlying pleadings do not contain a cause of action for quiet title, because
4    Plaintiffs, themselves, were the title holders when they filed the case; yet this is their argument
5    that this is a "real property" claim.

6    2) Despite the totally inaccurate assumption that Plaintiffs want this Court to make, it was
7    *never* the belief or understanding of Defendants that this was anything other than a business
8    purpose loan.  The plea bargain agreement reached with the Dept. of Real Estate by Andrew
9    Lewis is not evidence of any different belief or understanding.  And, consequently, there is no
10   "likelihood of success " on the merits of a property claim by Plaintiffs.

11   3) "Substantial compliance" does not suffice when it comes to use of a lis pendens; see
12   McKnight case cited in moving papers.  There must be strict compliance with all of the statutory
13   requirements or the notice is "void and invalid".  But even if such an excuse could be used,
14   Defendants submit that what Plaintiffs have recorded (twice) do not even meet the "substantial"
15   compliance" test, as by statute, a "pro per" cannot record a lis pendens without prior court
16   approval (CCP§ 405.21) and there has been no attempt to comply with this requirement.

17   4)  Plaintiffs, who filed their opposition documents almost a week too late, complain that
18   the "supplement" filed to the motion (to include the re-recording by Plaintiffs on July 30, 2008 in
19   the motion concerning the original recording of July 23, 2008) was "untimely".  Apparently
20   Plaintiffs feel it is more judicially and economically appropriate hear the same motion twice
21   (which, incidentally, just sets them up for twice the attorney's fees award upon expungement).
22   Defendants submit that this makes no sense and everything should be heard and considered in
23   one hearing.

24   5) Even if Plaintiffs prevailed in the motion (which, as a matter of law, they can not), they
25   could not be awarded "their reasonable attorney's fees" as they request: THEY ARE IN PRO
26   PER.

27
28   REPLY BY WAY OF OBJECTION TO PLAINTIFFS' BELATED OPPOSITION TO MOTION TO EXPUNGE NOTICE OF LIS PENDENS

2

Defendants submit that the motion to expunge (both recordings of the same Notice) should be granted and Defendants awarded their attorney's fees incurred.

Respectfully submitted,

Dated: August 14, 2008    LAW OFFICES OF MICHAEL E. STONE

/s/ Michael E. Stone

MICHAEL E. STONE, Attorney for Defendants Investment Grade Loans, Inc., et al

REPLY BY WAY OF OBJECTION TO PLAINTIFFS' BELATED OPPOSITION TO MOTION TO EXPUNGE NOTICE OF LIS PENDENS

3