IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER HARTWELL HYLER and SHERYL ROOT HYLER, <br><br> Plaintiffs, <br><br> v. <br><br> INVESTMENT GRADE LOANS, INC., LINCOLN TRUST COMPANY FBO, DOUG PICKERING, CHERN S. LIN, FELICIA LIN, JANICE TEMPEY, ROY S. WOLF, THOMAS C. O'CONNELL, JR., JANICE K. O'GRADY, PENSCO TRUST COMPANY AS CUSTODIAN FBO JOHN A. SNYDER, IRA, PENSCO TRUST COMPANY AS CUSTODIAN FBO PHIL AHLFELDT, IRA, AND JOHN STEVENS, <br><br> Defendants. | No. C 07-03180 WHA <br><br> **ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND SETTLEMENT AGREEMENT, GRANTING MOTION TO EXPUNGE LIS PENDENS, AND DENYING MOTION TO AWARD ATTORNEY'S FEES AND COSTS** |

**INTRODUCTION**

Plaintiffs move to set aside an order dismissing this action dated September 6, 2007 (Dkt. 95) and to set aside a settlement dated August 31, 2007. Because plaintiffs have not satisfied their burden under Rule 60(b)(3), the motion is **DENIED**. Defendants' motion to expunge lis pendens is **GRANTED**, and their motion to award attorney's fees and costs associated with filing its motion to expunge lis pendens is **DENIED**. Defendants also move to sanction plaintiffs under Rule 11(b) for their Rule 60(b)(3) motion. Because defendants do not meet the applicable standard for a Rule 11(b) motion, the motion is **DENIED**.

**STATEMENT**

The original action was brought under the Truth in Lending Act, 15 U.S.C. 1600–67. Plaintiffs' core claim was that they had a right to rescind a $1,232,500 loan because it violated TILA. The sole disputed fact in the case was whether the loan was a consumer loan or a business loan. Loans made for business purposes are exempt from TILA. Defendants contended that the loan was a business loan, not a consumer loan. Plaintiffs asserted the opposite. Before the issue was decided, the parties settled and the action was dismissed.

The $1,232,500 loan was made to plaintiffs on March 3, 2004. Defendant Investment Grade Loans, Inc. ("IGL") was the mortgage broker for the loan. The note was secured by a deed of trust on the plaintiffs' residence in Portola Valley, California. Plaintiffs borrowed an additional $100,000 from IGL one month after the initial loan was transacted. Plaintiffs defaulted on both loans.

Plaintiff Fletcher Hartwell Hyler filed for bankruptcy under Chapter 11 in October 2004. The bankruptcy trustee sought rescission of the $1,232,500 loan on the ground that the loan violated TILA. Defendants denied that the loan was subject to TILA because the loan was made for business purposes. The bankruptcy court transferred the matter to this Court on June 15, 2007.

While the case was pending, Andrew Lewis, CEO of IGL, was subject to an action by the California Department of Real Estate. The action concerned the $100,000 loan to plaintiffs. Lewis entered into a stipulation and agreement on July 6, 2007, with the Department of Real Estate. As part of that agreement, Lewis stipulated to a series of "admissions." One of Lewis' "admissions" included the statement that the $100,000 loan was (Request for Taking Judicial Notice Exh. H at 13):

> a "covered loan" within the meaning of Section 4970 of the [California] Financial Code in that: 1.) the loan is secured by real property located in California used, intended to be used or occupied as the principal dwelling of the consumer as a one-to-four unit residential unit; 2.) the principal balance does not exceed $250,000.00; 3.) the 18 per cent interest rate was more than 8 percentage points above the yield on Treasury securities having comparable periods of maturity on the 15th of the month

2

>immediately preceding the month in which the application for the extension of credit was received by the creditor; and/or, 4.) the total points and fees payable by the consumer at or before the closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Section 4970 regulates consumer, not business, loans. The action did not concern the $1,232,500 loan.

On August 1, this Court heard arguments in the TILA action on plaintiffs' motion for a temporary restraining order. Counsel for defendants, Leo Siegel, stated at the hearing that IGL "only makes business loans" (Exh. F at 6). Siegel was not aware of Lewis' settlement with the Department of Real Estate at the time. The Court considered evidence supporting defendant's contention that the $1,232,500 loan was a business loan. This evidence included a note from Mr. Hyler's agent, Gary Bowers, to Lewis stating that Mr. Hyler needed the loan for "a bridge to get his bus[iness] going again" (Exh. D). In granting the TRO, the Court stated (Exh. F at 14–15):

>The Court finds that there is a low likelihood of success on the merits by the plaintiffs on account of this is probably a business loan, but I am having to make these estimates based on this record that we have before us. On the other hand, I recognize that if the plaintiffs lose their home, that is a significant step . . . We are going to grant a TRO on the circumstance that in two weeks . . . plaintiff must post a bond sufficient to secure the $835,000 . . . you concede is due.

Plaintiffs did not post the bond.

The parties signed a settlement agreement on August 31, 2007. In relevant part, it stated that the Hylers and IGL "hereby extinguish their mutual rights and claims arising from any and all disputes and differences between them and that each may have against each other, in any way relating to their [d]ispute and [a]ction" (Hartwell Decl. Exh F). The agreement further stated:

- Each [party] releases and absolutely and forever discharges the other party . . . from any and all rights, claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions and causes of action of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, which they now have, own, or hold, or at any time heretofore ever had, owned or held or could, shall or may hereafter have.

- Immediately upon signing this Agreement, HYLER shall cause their attorney to file a dismissal of the Action, with Prejudice.

3

- In consideration for the dismissal of the action, IGL grants HYLER a 60 day option from August 21, 2007 to purchase the property back from IGL for the sum of $2.1 million; alternatively, have the Trustee's sale rescinded and allow HYLER to pay off IGL's loans for the sum of $2.1 million.

To exercise this option, plaintiffs were required to pay $100,000 upon the effective date of the agreement and another $100,000 within forty days thereafter. Plaintiffs paid the initial $100,000 installment, but did not pay the remaining $100,000 in order to exercise the option. Upon stipulation by plaintiffs, this Court dismissed the action with prejudice on September 6, 2007.

Plaintiffs contend the order dismissing the action and the settlement agreement should be set aside on the ground that defendants committed fraud by representing that the loan at issue in the TILA action was a business loan, not a consumer loan. They argue that had they known the actual facts of the loan, they would not have executed the settlement agreement or stipulated to the order dismissing action.

**ANALYSIS**

**1. RULE 60.**

Under Rule 60(b)(3), a district court may relieve a party from an order for fraud, misrepresentation, or misconduct by an opposing party. "[Rule 60(b)] is remedial and should be liberally construed. Where perjury has played some part in influencing the court or jury to render a judgment the effect of the perjury will not be weighed on a motion to set aside the judgment." *Atchison, Topeka, and Santa Fe Railway Company v. Barrett*, 246 F. 2d 846, 849 (9th Cir. 1957).[1] "While the remedial statute is to be liberally construed, there still exists a definite burden on the moving party to prove the existence of the fraud, or other misconduct, or other cause for relief." The movant must meet his burden "by clear and convincing evidence." "Not only must there be clear and convincing evidence of fraud, but it must be such as prevented the losing party from fully and fairly presenting his case or defense." *Ibid*.

---

[1] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

4

### 2. PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT AND SETTLEMENT AGREEMENT.

Plaintiffs base their fraud argument on the fact that Lewis made an "admission" to the California Department of Real Estate, as part of his stipulation and agreement, that the $100,000 loan made to the Hylers was a "covered loan." Plaintiffs contend that because Lewis made an "admission" that the $100,000 loan was a "covered loan," the $1,232,500 is also a consumer loan because the same application was used for both loans. Plaintiffs then build on this supposition to assert that defendant committed fraud because IGL and its counsel stated at the hearing that the company does not make consumer loans. These misrepresentations, plaintiffs contend, fraudulently induced them to settle and to stipulate to dismiss the action. Plaintiffs contend that they were fraudulently induced to settle and stipulate to the dismissal because "had they known the actual facts [of the subject loan], they would not have executed the settlement agreement or stipulated to the order dismissing action, but rather would have pursued this litigation to a successful conclusion which would have resulted in a finding of wrongful foreclosure by the defendants" (Br. 14 at 16-20).

Plaintiffs' argument does not withstand scrutiny. The same application could not have been used for both loans because no application was used for the $100,000 loan. Even if the same application had been used, the $1,232,500 loan could not have been a "covered loan" like the $100,000 loan because a "covered loan" is a consumer loan "in which the original principal balance of the loan does not exceed $250,000." Plainly, $1,232,500 is in excess of $250,000 and would not be a "covered loan." Plaintiffs have not provided clear and convincing evidence of fraud.

Morever, nothing that was said in the courtroom prevented plaintiffs from fairly presenting their case. Advocacy in litigation is not fraud, even when it is misguided, at least as to legal conclusions such as whether a transaction was a covered event or not. The central question was whether the $1,232,500 loan was a consumer loan or a business loan. Surely, plaintiffs and their counsel took every contention made by the other side with a grain of salt. Plaintiffs had every opportunity to prove the loan was covered. But plaintiffs abandoned that opportunity when they entered the settlement agreement with defendants.

5

1	In that agreement the parties "extinguish[ed] their mutual rights and claims arising from
2	any and all disputes and differences between them" (Hartwell Decl. Exh F).  The parties also

> releas[ed] and absolutely and forever discharge[d] the other party . . . from any and all rights, claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions, and causes of action of every kind, whether now known or unknown, suspected or unsuspected, which they now have, own, or hold, or at any time heretofore ever had, owned, or held or could, shall or may hereafter have, own or hold against any other party based upon or arising out of any matter, cause, fact, thing, act, or omission whatsoever occurring or existing at any time to and including the date hereof pertaining to their Dispute, the Action, and/or HYLERS' personal residence.

Under Rule 60(b)(3), the alleged fraud "must not have been discoverable by the due diligence before or during the proceeding." *United States v. Tanoue*, 165 F.R.D. 96, 98 (D. Hawaii 1995).  Here, plaintiffs surely could have discovered facts about an action by a public agency involving their own $100,000 loan made by IGL.  Plaintiffs chose to settle rather than pursue their claim.  Plaintiffs cite to no discovery fraud, such as a flat-out *factual* representation that there was no settlement agreement with the state agency.  The Court also finds that Siegel, counsel for defendant, did not speak falsely when he stated at the August 1 TRO hearing that his client "only makes business loans."  Indeed, Siegel was unaware of Lewis' settlement with the Department of Real Estate.

Contrary to plaintiffs, *Triangle Capital Corp. v. I.M.C. Management Corp.,* 127 F.R.D. 444, 446 (D. Mass. 1989), merely states a district court has authority to vacate a court-approved settlement agreement under Rule 60(b)(3).  *Triangle* cautioned that a party's Rule 60(b)(3) motion will be denied if "it is merely an attempt to litigate the original case."  Here, plaintiffs appear to be doing just that.

In addition to their fraud claim, plaintiffs argue that their settlement agreement with defendants was illegal because it called for repayment of the $1,232,500 loan.  Such a requirement rendered the contract illegal, plaintiffs argue, because the loan was in violation of TILA.  The TILA violation argument has already been made in bankruptcy court and in this Court.  Plaintiffs abandoned that argument when they signed the settlement agreement and stipulated to dismissal of the TILA action with prejudice.

6

This is not an instance of fraud. This is an instance of a disputed contention that could have been litigated. The essence of plaintiffs' fraud claim is that defendant's advocacy in the TILA case discouraged their resolve and led them to settle. This was not fraud. No fact was misrepresented. At worst, defendant made a legal argument about the facts that was incorrect. Fraud requires more. If plaintiffs disagreed with defendant's advocacy, plaintiffs had every opportunity to pursue the "facts" rather than settle and stipulate to the dismissal. Nor was there any misconduct.

For the same reason, the settlement agreement between plaintiffs and defendants will not be set aside.

### 3. DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS.

Plaintiffs recorded two lis pendens against defendant's title to the subject property at 5070 Alpine Road, Portola Valley, California, one on July 23, 2008, and the other on July 30. Defendants move to expunge the two lis pendens.

Because this order denies plaintiffs' motion to set aside judgment and the settlement agreement, there is no longer any pending action on which to base plaintiffs' two lis pendens. The defendants' motion to expunge lis pendens is **GRANTED**.

Plaintiffs' argument that the motion to expunge the second lis pendens should be denied because defendants failed to give notice of the motion 35 days in advance of the hearing in violation of Local Rule 7-2 is unavailing. Defendants gave plaintiffs notice of the motion on August 6, 35 days before the September 10 hearing. Even if the 35 day rule had been breached, the violation would be moot since the dismissal of the action ended grounds for the lis pendens.

Defendants also move to recover attorney's fees associated with the bringing of its motion to expunge lis pendens. In California, the state lis pendens statutes are applicable in federal courts in the same manner as in state courts. Cal. Civ. Pro. § 405.5. Under California Civil Procedure Code Section 405.38:

> The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust.

7

1 This order finds that plaintiffs acted with substantial justification in recording the lis pendens
2 because they acted to prevent the sale of their home.  Defendants' motion for attorney's fees
3 is **DENIED**.

### 4. DEFENDANT'S RULE 11 MOTION.

Defendants move to sanction plaintiffs under Rule 11(b) because their motion to set aside judgment and the settlement agreement is "so lacking in merit that it is frivolous."  It is a close call but the motion is **DENIED**.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion to set aside judgment and the settlement agreement is **DENIED**.  Defendants' motion to expunge lis pendens is **GRANTED**.  Defendants' motion for attorney's fees associated with its motion to expunge lis pendens is **DENIED**.  Defendants' motion to sanction plaintiffs under Rule 11(b) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 12, 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE